[No. D013697. Fourth Dist., Div. One. Mar. 20, 1992.]

Estate of GENEVIEVE N. CRABTREE, Deceased.
VIRGINIA C. HAMMOND, Petitioner and Appellant, v.
DANIEL B. CRABTREE et al., Contestants and Respondents.

**COUNSEL**

Ravin & Hakes and William W. Ravin for Petitioner and Appellant.

Crabtree & Crabtree, Daniel B. Crabtree and E. Hodge Crabtree III for Contestants and Respondents.

## OPINION

**BENKE, J.**—Because we find the appellant's notice of appeal was not timely filed, we dismiss her appeal.

### FACTS AND PROCEDURAL BACKGROUND

Appellant Virginia C. Hammond (Virginia) is the daughter of Genevieve N. Crabtree (Genevieve). Following Genevieve's death on December 6, 1986, Virginia petitioned to probate a 1977 will and four later codicils executed by her mother.

Respondents Daniel B. Crabtree (Daniel) and Polly Crabtree (Polly) are Genevieve's grandchildren. They filed a will contest in which they alleged the codicils were invalid because they were made as a result of undue influence exercised by Virginia. In a separate complaint Daniel and Polly, joined by another grandchild, Hodge N. Crabtree III, sought to impose a constructive trust on deposit accounts which named Virginia as beneficiary in the event of Genevieve's death and on one account which Genevieve and Virginia held as joint tenants.

The will contest and constructive trust action were consolidated by order of the trial court. Trial of the consolidated action commenced on September 19, 1990. The parties concluded their evidentiary presentations on September 24, 1990, and following submission of written briefs, presented argument to the trial court on October 16, 1990. Following argument on October 16, the court rendered an oral decision in which it found in favor of the grandchildren on both their will contest and their complaint for a constructive trust.

A judgment in favor of the grandchildren was filed and entered on October 26, 1990.[1] On October 29, 1990, the grandchildren served Virginia's counsel with a copy of the judgment. The copy which the grandchildren served has a stamp from the clerk of the court which indicates it was filed on October 26, 1990. The copy served on Virginia's counsel does not indicate when the judgment was entered.

Virginia's notice of appeal was filed by the clerk on Thursday, January 3, 1991, 66 days after the judgment was served on her counsel.

[1]We have taken judicial notice of the superior court file. (Evid. Code, § 452, subd. (d); Cal. Rules of Court, rule 12(a).)

Discussion[2]

Rule 2(a) of the California Rules of Court[3] provides: "Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment, or appealable order; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment or appealable order by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment. For the purposes of this subdivision, a file-stamped copy of the judgment or appealable order may be used in place of the document entitled 'notice of entry'."

The time requirements of rule 2(a) are jurisdictional and may not be extended. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].)

Relying on *National Advertising Co.* v. *City of Rohnert Park* (1984) 160 Cal.App.3d 614, 618 [206 Cal.Rptr. 696] (*Rohnert Park*) and *Tri-County Elevator Co.* v. *Superior Court* (1982) 135 Cal.App.3d 271, 274-276 [185 Cal.Rptr. 208] (*Tri-County*), Virginia argues that because the copy of the judgment which was served on her does not indicate when the judgment was in fact entered, it was not sufficient to commence running of the 60-day period provided by rule 2(a)(2). We agree that under *Rohnert Park* and *Tri-County* the document served must indicate when the judgment was entered.

However, *Rohnert Park* and *Tri-County* predate the amendment of rule 2(a) which became effective January 1, 1990. Among other changes, the amendment added the last sentence of rule 2(a), which provides that service of a "file-stamped copy" of the judgment or appealable order is sufficient to provide "notice of entry." We interpret the rule change literally: by its terms the rule no longer requires that the document served give notice of when an appealable judgment or order was entered but only requires notice of when the judgment or order was filed.

Our literal intepretation is consistent with the fact that many appealable judgments and orders are not actually entered in the minutes of the court, but

---

[2]We recognize the grandchildren previously moved to dismiss Genevieve's appeal and that their motion was denied by the presiding justice. The order denying dismissal, because it did not have the concurrence of two justices, was not a determination of the merits and was not binding on the grandchildren. (*In re Christopher A.* (1991) 226 Cal.App.3d 1154, 1161 [277 Cal.Rptr. 302].)

[3]All rule references are to the California Rules of Court unless otherwise specified.

are only deemed entered on the date they are filed. (See, e.g., rule 2(b)(1), (2), (3); see also Code Civ. Proc., § 668.5.) By creating a method of commencing the period for appeal which applies uniformly to all appealable judgments and appealable orders, literal interpretation of the amendment serves the useful purpose of eliminating any doubt as to whether any additional step will trigger the time limits provided by the rule.

Elimination of such doubt appears to have been the goal of the drafters of the amended rule. An October 17, 1989, memorandum[4] prepared by the Administrative Office of the Courts in support of the draft amendment eventually adopted by the Judicial Council notes the potential for confusion following *Rohnert Park* and the need for a rule which has uniform application: "Because rule 2(a) only mandates that the *clerk's* notice be pursuant to section 664.5, it has been held that service of a copy of the filed judgment, setting forth the date, volume and page of entry of the judgment, can serve as notice of entry of judgment by a *party. (National Advertising Co.* v. *City of Rohnert Park* (1984) 160 Cal.App.3d 614, 618.)

"But further complication may arise in counties that do not maintain judgment books. In those counties, entry of judgment occurs when the judgment is filed. (Code of Civ. Proc., § 668.5.) Thus, a file-stamped copy of the judgment making no reference to an entry of judgment could serve as notice of entry of judgment. But the party receiving the file-stamped copy would have to know that there was no judgment book in that county to understand that the file-stamped copy was meant to serve as a notice of entry of judgment triggering the 60-day period for notice of appeal."

■ In permitting the period for appeal to commence running upon service of a document which does not mention entry of judgment, the drafters of the amended rule in no sense altered the statutory requirement that a judgment be entered before it is be effective for any purpose. (See Code Civ. Proc., § 664; *Wilson* v. *L. A. County Employees Assn.* (1954) 127 Cal.App.2d 285, 289-290 [273 P.2d 824].) Rather, the drafters merely fashioned a rule which provides a uniform manner of giving notice of the fact of entry. In doing so the drafters were obviously cognizant of the requirements of Code of Civil Procedure section 664 that the clerk of the court enter a judgment on a jury verdict within 24 hours after the verdict is rendered, and, when trial is by the court, that the judgment be entered immediately upon the filing of the court's decision. Because, under section 664, in most instances the time between filing and entry, if it exists, will be very short, the drafters could quite reasonably have concluded that service of a judgment which is

---

[4]We take judicial notice of the memorandum. (Evid. Code, §§ 452, subd. (c), 459, subd. (a); 1 Witkin, Cal. Evidence (3d ed. 1986) § 98, pp. 84-85.)

stamped "filed" will accurately advise the recipient a judgment has in fact been entered.[5]

■ As we have noted, the judgment in this case was entered on October 26, 1990. Because a copy of the judgment which was stamped as filed was served on Virginia's counsel on October 29, 1990, under rule 2(a), the 60-day period provided by the rule commenced running on that day and expired on December 28, 1990. Because Virginia's notice of appeal was filed by the clerk of the court on January 3, 1991, it was untimely.

■ We reject Virginia's alternative argument that we should find that she in fact filed the notice of appeal on December 28, 1990. Under Government Code section 69846.5, the clerk is required to "endorse on each paper filed with the court the day, month, and year it is filed." Evidence Code section 664 provides a presumption that "official duty has been regularly performed." This presumption applies to the duties of clerks of court. (See *In re Linda D.* (1970) 3 Cal.App.3d 567, 571 [83 Cal.Rptr. 544]; *Hart* v. *Capital Film Co., Inc.* (1921) 54 Cal.App. 659, 664 [202 P. 483].) Thus we must presume, in the absence of affirmative evidence to the contrary, that the clerk performed his duty and endorsed the notice of appeal with the date it was in fact presented to him for filing.

In attempting to overcome the presumption of regularity, Virginia relies on the declarations of her attorney's secretary and a supervisor at the Knox Attorney Service, Inc. (Knox), which was employed to file the notice of appeal.[6] According to the secretary, a Knox messenger picked up the notice of appeal at or about noon on December 28, 1990. According to the Knox supervisor, as a business practice Knox delivers documents to their destination on the same day they are received by Knox. The supervisor also states: "I have reviewed the business records of Knox in connection with the Notice of Appeal herein given to Knox on December 28, 1990. They show that our messenger, Barbara Gordon, picked up the Notice of Appeal on December 28, 1990, and caused it to be delivered to the office of the Clerk of the San Diego Superior Court, Appeals Department by the close of business on December 28, 1990. If Knox had not been able to deliver the Notice by the close of business on that date, the business records of Knox Attorney Service, Inc., would so indicate. Since they do not indicate such a failure, I conclude the Notice was lodged with the clerk on December 28, 1990."

---

[5]Because in this case service of the judgment occurred three days after entry, we do not confront the problem posed when service of a judgment stamped as filed occurs before the judgment is in fact entered.

[6]The declarations were filed in response to the grandchildren's earlier motion to dismiss. (See fn. 2, *ante.*)

Conspicuous by its absence is any declaration from the messenger, Barbara Gordon. According to Virginia's counsel, he contacted Gordon but because of the many deliveries she had made since December 28, 1990, she could not remember what documents had been filed when, where or for whom.

Although the Knox supervisor stated that she had reviewed Knox business records, the only Knox record before us is a Knox order form. The order form, which is attached to the secretary's declaration, only indicates that in fact the notice was received by Knox on December 28. We note that the form indicates that the messenger is to file, conform and return a conformed copy of the notice to counsel's office. Plainly the messenger did not obtain a conformed copy of the notice on December 28. We also note that although the form has a box labelled "RUSH," the box is not marked. Finally we note that while the secretary's signature and instructions are in blue ink, the statement "Appeals Dept; 220 West Broadway" appears in red pencil. This of course suggests someone added the information in red after the messenger picked up the notice and perhaps there was some confusion on the part of the messenger as to precisely where the document should be filed.

In sum, given what we perceive as significant gaps in the evidentiary record presented by Virginia, we do not believe she has overcome the presumption the notice of appeal was filed on January 3, 1991.

Appeal dismissed.

Wiener, Acting P. J., and Froehlich, J., concurred.