[No. D013788. Fourth Dist., Div. One. Apr. 2, 1992.]

ANTHONY J. DELMONICO, Plaintiff and Appellant, v.
LAIDLAW WASTE SYSTEMS, INC., et al., Defendants and Respondents.

**Counsel**

Campbell & Miller and Jon B. Miller for Plaintiff and Appellant.

Post, Kirby, Noonan & Sweat, David J. Noonan, Charles T. Hoge and Theresa M. Brehl for Defendants and Respondents.

**Opinion**

**WIENER, Acting P. J.**—Plaintiff Anthony J. Delmonico sued Laidlaw Waste Systems, Inc., and Bruce Whittingham (collectively Laidlaw) on

several theories seeking damages for having been wrongfully fired for refusing to participate in Laidlaw's allegedly illegal practice of misleading customers and prospective customers into entering contracts for waste removal under false pretenses. Relying on *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654 [254 Cal.Rptr. 211, 765 P.2d 373] the trial court granted Laidlaw's motion for summary judgment. Delmonico appeals contending the court misapplied *Foley* in light of the serious public policy violations which Laidlaw purportedly committed. As we shall explain, we are unable to reach the merits of Delmonico's arguments concluding we must dismiss this appeal because it was not filed within the 60 days as required by California Rules of Court, rule 2(a)(2).[1]

## PROCEDURAL BACKGROUND

The summary judgment in favor of Laidlaw was filed on July 13, 1990, and entered on July 20, 1990. On July 23, 1990, the defendants served Delmonico's counsel by mail with a document entitled "Notice of Entry of Judgment." The notice *incorrectly* stated the judgment was *entered* on July 13, 1990. Attached to the notice was an accurate copy of the judgment showing the July 13, 1990 *filing* date. The conformed copy of the judgment, however, did not reflect the date on which the judgment had been entered. Delmonico filed his notice of appeal on January 16, 1991.

## DISCUSSION

██ A party must file a notice of appeal within the time prescribed by rule 2(a) or otherwise face the absolute bar that the appellate court is without jurisdiction. (*Hollister Convalescent Hosp. Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].) ██ Rule 2(a) provides in part that: ". . . a notice of appeal shall be filed on or before the earliest of the following dates: . . . (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment or appealable order by any party upon the party filing the notice of appeal . . . ; or (3) 180 days after the date of

---

[1] All rule references are to the California Rules of Court.

In dismissing the appeal we have necessarily rejected Delmonico's contention that the earlier ruling by a single justice denying the defendants' motion to dismiss is the "law of the case" requiring us to address the merits of his appellate arguments. An appellate ruling will not become the "law of the case" in a pending appeal unless it reflects a decision on the merits considered by a panel of three justices, ultimately acquiesced in by a majority. (*In re Christopher A.* (1991) 226 Cal.App.3d 1154, 1161 [277 Cal.Rptr. 302].) The effect of the prior ruling here was only to postpone a definitive decision on the issues presented, including the question of our jurisdiction, until the panel assigned to the case reviewed all the issues. To avoid any misunderstanding on this point we advised counsel that the panel intended to reconsider the question of our jurisdiction and solicited supplemental briefing so that the matter could be thoroughly discussed at oral argument.

entry of the judgment. For the purpose of this subdivision, a file-stamped copy of the judgment or appealable order may be used in place of the document entitled 'notice of entry.' "

Obviously here we can reach the merits of Delmonico's appellate arguments only if he had 180 days under rule 2(a)(3) within which to appeal. If Laidlaw's notice of entry of judgment triggered rule 2(a)(2)'s 60-day period, Delmonico's notice of appeal filed 174 days after service of notice of entry of judgment was clearly untimely.

Delmonico says he is entitled to the longer period because Laidlaw's notice of entry of judgment was defective in that it failed to state the correct date on which the judgment was entered. This argument involves more than hypertechnical lawyering.[2]

To support his contention Delmonico first refers us to the categorical statements in *Tri-County Elevator Co.* v. *Superior Court* (1982) 135 Cal.App.3d 271 [185 Cal.Rptr. 208]: "[I]n counties where the clerk enters judgments in a judgment book [such as San Diego County] (Code Civ. Proc., § 668), the date of filing the judgment with the clerk is not the date of its entry. In such counties *notice of entry of judgment,* for purposes of Code of Civil Procedure section 659, *would consist of mailing either a conformed copy of the judgment showing the date of its entry in the judgment book, or a separate document stating the date of entry.*" (At p. 276, italics supplied.) In addition, Delmonico points out that *Tri-County*'s statements have been accepted by legal commentators, citing as authority Eisenberg et al., California Practice Guide: Civil Appeals and Writs (The Rutter Group 1990): "[A] party's notice of entry of judgment or order, sufficient to trigger the appeal deadline, must [¶] [b]e in *writing* and correctly specify *the date of entry.*" (§ 3.33, p. 3-9, italics in original.)

In responding to these arguments we are keenly aware of the importance for clarity in rules governing the time within which a party must file a notice of appeal and the effect on the aggrieved party when an appellate court holds the notice of appeal untimely. An appellate court does not lightly conclude it is without jurisdiction in fully briefed cases where our primary responsibility is to correct what are alleged to be trial court errors. Of equal importance to the justice system, however, is that we should not act where we lack the power to do so.

In dealing with the question of our jurisdiction in this case we are indeed sensitive to the work that has been done to clarify the rules prescribing when

---

[2]We wish to note in this regard that able appellate counsel was not Delmonico's lawyer at any time before the expiration of the 60-day appeal period.

an appeal must be filed. This ongoing effort has involved considerable time and energy by dedicated lawyers, judges, members of the Legislature and of the Judicial Council. Individually and collectively they have examined and purportedly resolved the continuing unforeseen difficulties in what superficially appears to be the relatively simple task of defining the time within which an appeal must be filed. (See e.g., Witkin, *New California Rules on Appeal* (1944) 17 So.Cal.L.Rev. 80, 85.) The most recent attempt to achieve clarity and reduce appellate delay is reflected in the change effective January 1, 1990, adding the last sentence to rule 2(a): "For the purposes of this subdivision, a file-stamped copy of the judgment or appealable order may be used in place of the document entitled 'notice of entry.'" Whether the amendment accomplishes what the drafters intended is a question we need not answer here in light of Laidlaw's election to use the traditional "notice of entry" document to trigger the 60 days of rule 2(a)(2) rather than mailing a copy of the filed judgment as authorized by the recent amendment. (*Estate of Crabtree* (1992) 4 Cal.App.4th 1119 [6 Cal.Rptr.2d 224].)

The language of rule 2(a)(2) clearly and unambiguously states the 60-day appeal period runs from the date the document entitled "notice of entry" of judgment is served. The rule does not require the notice of entry of judgment reflect the date on which it was entered. Thus provided the judgment was entered before service of the "notice of entry," the date on which the judgment was actually entered is irrelevant, neither required by the language of the rule nor essential to compute the requisite period within which an appeal must be filed.

We wish to point out that our conclusion that the crucial date is the date on which the "notice of entry" is served and not the date on which the judgment is entered does not necessarily reflect our disagreement with *Tri-County*'s statement that the "separate document [must state] the date of entry." (*Tri-County, supra,* 135 Cal.App.3d at p. 276.) *Tri-County* was decided *before* the recent amendment to rule 2(a) when arguably it was necessary to interpret that rule as requiring the entry date of the judgment be shown on the notice. In light of the change to rule 2(a) it is no longer necessary to consider whether *Tri-County*'s statement is still correct. (See *Estate of Crabtree, supra,* 4 Cal.App.4th 1119.)

■ It is well established that no particular form is required to give notice to a party that judgment has been entered. (See *National Advertising Co.* v. *City of Rohnert Park* (1984) 160 Cal.App.3d 614, 618 [206 Cal.Rptr. 696].) Even though the notice here incorrectly stated the date on which the judgment was entered, the information contained in that notice satisfied the

rule telling Delmonico that the judgment had been entered. Because it is the notice that triggers the appeal period and not the date the judgment was entered, there is no rational way that the inaccuracy could have misled Delmonico. In light of the language and purpose of the rule, the date on which the judgment is entered is surplusage when notice is given by using the document entitled "notice of entry of judgment." Accordingly, there is no principled basis on which we can avoid the application of rule 2(a)(2)'s 60-day period.

Earlier in *Ramirez* v. *Moran* (1988) 201 Cal.App.3d 431 [247 Cal.Rptr. 117], we dismissed an appeal as untimely where the prevailing party failed to fully comply with the requirements of rule 2(a)(2). In *Ramirez* instead of serving counsel with notice of entry of judgment and an affidavit of proof of service, counsel mailed a letter to opposing counsel enclosing a conformed copy of the judgment. In the context of the time period within which a motion for new trial had to be filed, *Ramirez* held the mailing "of the entered judgment was written notice sufficient to trigger" the statutory time limit. (*Ramirez, supra*, at p. 437.) We see no reason to hold otherwise in this case.

We also reject Delmonico's reliance on *Jade K.* v. *Viguri* (1989) 210 Cal.App.3d 1459 [258 Cal.Rptr. 907] for the proposition that an appellate court will never allow the 60-day appeal period to be used absent strict compliance with the requisite elements of the notice of entry. In *Jade K.* after dismissing Viguri's untimely appeal from the default judgment, we held the appeal by intervener Truck Insurance Exchange from the order denying its motion to vacate the default judgment against Viguri was timely. We explained Truck had 180 days to appeal from the court's written order vacating the judgment because no one had given notice of the court's order. Where there was no written notice the 60-day period had not been triggered. Moreover, *Jade K.* involved the commencement of the appeal period where notice had been given by the clerk. The distinction between the clerk's responsibilities and those of a party under former rule 2 is analyzed and highlighted in *National Advertising Co.* v. *City of Rohnert Park, supra*, 160 Cal.App.3d 614, and needs not be repeated here. In addition, unlike *Jade K.* notice of the entry of judgment here was given after the judgment was signed and entered and not before. Because of these significant differences, *Jade K.* is not persuasive on the issue before us.

## Disposition

Appeal dismissed. Plaintiff to bear all costs for this proceeding.

Benke, J., and Nares, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 24, 1992.