[No. B096740. Second Dist., Div. Five. Dec. 26, 1995.]

DOINA D. FILIPESCU, Plaintiff and Appellant, v.
CALIFORNIA HOUSING FINANCE AGENCY, Defendant and
Respondent.

**COUNSEL**

Richard L. Knickerbocker for Plaintiff and Appellant.

Paul, Hastings, Janofsky & Walker, Harry A. Zinn and Jenny Schneider for Defendant and Respondent.

**OPINION**

**TURNER, P. J.**—Plaintiff, Doina D. Filipescu, appeals from a judgment entered after demurrers were sustained without leave to amend to her second amended complaint for wrongful termination. Defendant, California Housing Finance Agency, has moved to dismiss the appeal as untimely. The dismissal motion is granted.

The demurrers were sustained without leave to amend on June 19, 1995. On June 30, 1995, the judgment was signed by the law and motion judge. On July 7, 1995, a file-stamped copy of the judgment was served on plaintiff's counsel by mail. The judgment clearly states that it was filed on June 30, 1995. Further, next to the law and motion judge's file-stamped signature on page 2 of the judgment, the date "JUN 30 1995" clearly appears. On July 19, 1995, defense counsel served a document entitled "NOTICE OF ENTRY OF JUDGMENT." Attached to the document served on July 19, 1995, was: a page indicating the judgment was entered on June 30, 1995; a file-stamped copy of the judgment; and the proof of service attached to the file-stamped judgment previously served by mail on July 7, 1995. The notice of appeal was not filed until September 18, 1995.

Defendant argues that the service of the file-stamped judgment on July 7, 1995, commenced the 60-day maximum allowable time period for filing the notice of appeal. Defendant reasons that the notice of appeal was untimely because it was not filed until September 18, 1995, more than 60 days after the July 7, 1995, service of the file-stamped judgment. We agree.

The present case is controlled by the following provisions of rule 2(a)(2) and (b)(3) of the California Rules of Court[1] which states in pertinent part: "(a) [Normal time] Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal from a judgment shall be filed on or before the earliest of the following dates: . . . (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal . . . . For the purposes of this subdivision, a file-stamped copy of the judgment may be used in place of the document entitled 'notice of entry'. [¶] (b) [What constitutes entry] For the purposes of this rule: . . . (3) The date of entry of an appealable order which is not entered in the minutes shall be the date of filing of the order signed by the court." The service of the file-stamped judgment bearing a facsimile signature of the law and motion judge started the running of the 60-day time

---

[1] All future references to a rule are to the California Rules of Court.

period to file the notice of appeal. (*Sharp* v. *Union Pacific R.R. Co.* (1992) 8 Cal.App.4th 357, 360-361 [9 Cal.Rptr.2d 925]; *Estate of Crabtree* (1992) 4 Cal.App.4th 1119, 1122-1123 [6 Cal.Rptr.2d 224]; *Younesi* v. *Lane* (1991) 228 Cal.App.3d 967, 973 [279 Cal.Rptr. 89]; *People* v. *One Parcel of Land* (1991) 235 Cal.App.3d 579, 582, fn. 2 [286 Cal.Rptr. 739].)

Plaintiff presents four arguments, all of which we reject, as to why the sixty-day time period specified in rule 2(a) is inapplicable. First, plaintiff argues that there is no evidence when the judgment was entered. However, rule 2(a) provides the 60-day time period is triggered by service of the file-stamped judgment. In *Estate of Crabtree, supra*, 4 Cal.App.4th at page 1123, our colleagues in the Fourth Appellate District rejected a similar argument when they held: "Among other changes, the [January 1, 1990,] amendment added the last sentence of rule 2(a), which provides that service of a 'file-stamped copy' of the judgment or appealable order is sufficient to provide 'notice of entry.' We interpret the rule change literally: by its terms the rule no longer requires that the document served give notice of when an appealable judgment or order was entered but only requires notice of when the judgment or order was filed." (Cf. *Delmonico* v. *Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 85 [6 Cal.Rptr.2d 599] [appeal timely despite the fact the notice of entry incorrectly identified the date of entry of judgment].) Our colleagues in the Fourth Appellate District correctly applied the language in rule 2(a) which triggers the 60-day time period when the file-stamped judgment is served. Plaintiff's interpretation of rule 2(a) would require that we construe the time limit to require an additional requirement that the file-stamped judgment set forth the date of its entry; something the drafters of rule 2(a) did not include.

Second, plaintiff argues that because the register of actions, which we have judicially noticed, fails to indicate the judgment was in fact entered, the time for filing the notice of appeal has not yet expired. There are no clerk's minutes for June 30, 1995, the date the judgment was signed. Rule 2(b)(3) provides, "The date of entry of an appealable order which is not entered in the minutes shall be the date of filing of the order signed by the court." Hence, since the judgment was signed by the law and motion judge on June 30, 1995, it was deemed entered on that date given the express language of rule 2(b)(3). Further, in Los Angeles County, which does not maintain a judgment book, the entry of the judgment occurs upon the filing of the document, which in this case occurred on July 7, 1995. (Code Civ. Proc., § 668.5; *Tri-County Elevator Co.* v. *Superior Court* (1982) 135 Cal.App.3d 271, 277 [185 Cal.Rptr. 208]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1995) ¶ 3:46, p. 3-16.)

Third, plaintiff argues that the 60-day time period was triggered on July 19, 1995, because on that date, defense counsel served a document entitled "NOTICE OF ENTRY OF JUDGMENT." She argues the service of the July 19, 1995, document is the only valid date which commenced the 60-day time period. Plaintiff argues that there were in essence two 60-day time periods in which to file the notice of appeal. She contends that defendant's reliance on the "fictional" notice of entry by serving the file-stamped judgment should be rejected. She suggests that the service of the file-stamped judgment was, given the language in the final sentence of rule 2(a), a "fictional" rather than a real notice of entry of judgment. However, the service of a file-stamped copy of the judgment is not a "fictional" method of advising a potential appellant of the commencement of the 60-day time period to invoke appellate jurisdiction. Rather, rule 2(a) specifically provides that the 60-day time period to file the notice of appeal is commenced upon service of the file-stamped judgment.

Fourth, plaintiff argues that the service of the notice of entry of judgment on July 19, 1995, commenced a new 60-day time period to file a notice of appeal. Nothing in the language of rule 2(a) or (b) supports plaintiff's argument in this regard. Rule 2(a)(2) states in explicit terms that "a notice of appeal from a judgment shall be filed on or before the *earliest of the following dates* . . . (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment . . . ." (Italics added.) The final sentence of rule 2(a) makes clear that service of a file-stamped judgment is the equivalent of a document entitled " 'notice of entry.' " The 60-day time period is triggered at the "earliest" by the service of the document which notifies the parties that the judgment has been signed. Hence, rule 2(a) required in this case that the notice of appeal was to be filed at the "earliest" 60 days after mailing of a file-stamped judgment. Further, rule 3 provides specific circumstances whereby the time frames in rule 2(a) can be extended. Rule 3 does not recognize a scenario where a second notice of entry of judgment can recommence the 60-day time period in rule 2(a). The foregoing is the only common sense construction of rule 2(a). Any other construction would contravene the purpose of the 1990 amendments to rule 2 which were to achieve clarity and reduce appellate delay. (See *Delmonico v. Laidlaw Waste Systems, Inc., supra*, 5 Cal.App.4th at p. 85.) Accordingly, this court is without jurisdiction to consider plaintiff's appeal. (*Adoption of Alexander S.* (1988) 44 Cal.3d 857, 862-864 [245 Cal.Rptr. 1, 750 P.2d 778]; *Hollister Convalescent Hosp. Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].)

The appeal is dismissed. Defendant, California Housing Finance Agency, shall recover its costs on appeal from plaintiff, Doina D. Filipescu.

Grignon, J., and Armstrong, J., concurred.

A petition for a rehearing was denied January 16, 1996, and appellant's petition for review by the Supreme Court was denied April 11, 1996.