[No. G034374. Fourth Dist., Div. Three. June 22, 2005.]

AMERICAN CONTRACTORS INDEMNITY COMPANY, Plaintiff and Appellant, v.
COUNTY OF ORANGE, Defendant and Respondent.

## COUNSEL

Law Offices of Kenneth F. Weston and Kenneth F. Weston for Plaintiff and Appellant.

Benjamin P. de Mayo, County Counsel, and Leon J. Page, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**O'LEARY, Acting P. J.**—American Contractors Indemnity Company (American) appeals from an order denying its motion to set aside summary judgment entered in favor of the County of Orange on a forfeited bail bond. American argues the trial court abused its discretion in denying its motion to set aside the summary judgment because its bail agent did not receive notice of the forfeiture. We disagree.

## FACTS

On November 1, 2002, American, through Pacific Bail Bond (Pacific), posted a $100,000 bail bond for the release of Nam Hoang Ta. On April 28, 2003, Ta failed to appear for jury trial, and the trial court ordered the bail bond forfeited. The court's register of actions indicates a "Notice of Forfeiture of Bail Bond" (Notice of Forfeiture) was mailed April 29, 2003, and on the same date, a "[r]equest for [f]elony [b]ond [f]orfeiture warrant to be entered into the National Crime Information Center pursuant to Penal Code [s]ection 980[, subdivision](b)[,] faxed to the Extradition Officer in the District Attorney's office." The record contains a copy of the Notice of Forfeiture mailed on April 29, 2003, to American and Pacific.

American filed a motion to extend time of forfeiture supported by a declaration from Pacific's manager, Steve Boi, and included a copy of the Notice of Forfeiture. In his declaration, Boi stated, "On April 29, 2003, our company received a Notice of Forfeiture for . . . Ta and an investigation was initiated to locate [Ta]." Boi's declaration then recounts the efforts made to locate Ta. The trial court granted American's request to extend the time of forfeiture for 180 days.

After the 180 days had passed and Ta was not apprehended, the trial court entered summary judgment against American in the amount of $100,000. American filed a motion to set aside the summary judgment, which was also supported by a declaration from Boi. In this declaration Boi stated, "On April 29, 2003 I received notice of the Failure to Appear (FTA) from one of our Orange County agents assigned to monitor appearances on larger bonds. Acting on the assumption that this meant that the bond was in forfeiture status, I initiated an investigation that continues to this day. [¶] At no time did I receive a forfeiture notice from the court until I had an agent go to the court and get a copy of the one in the court file." The court, in its minute order, denied American's motion, stating, "The motion to set aside the summary judgment is DENIED. Court finds the notice given by the clerk was in compliance with statutory law and there is evidence of actual notice by the declaration of Steven Boi dated 10-22-03."[1]

---

[1] On our own motion, we take judicial notice of the trial court's minute order denying American's motion to set aside the summary judgment. (Evid. Code, § 452, subd. (d).)

### DISCUSSION

American argues the trial court abused its discretion in denying its motion to set aside the summary judgment because Pacific did not receive the Notice of Forfeiture. Specifically, American contends the Notice of Forfeiture was not addressed as required by Code of Civil Procedure section 1013a, subdivision (4),[2] and the trial court erroneously relied on Boi's first declaration to find Pacific was notified of the forfeiture. Although we agree with American's first claim, we conclude Pacific had actual notice of the forfeiture.

### 1.  *Notice of Forfeiture by Mail Service*

■ Penal Code section 1305, subdivision (a)(2), authorizes the trial court to forfeit bail if a defendant, without sufficient excuse, fails to appear for trial. Penal Code section 1305, subdivision (b), states: "[T]he clerk of the court shall, within 30 days of the forfeiture, mail notice of the forfeiture to the surety . . . . *At the same time, the court shall mail a copy of the forfeiture notice to the bail agent whose name appears on the bond.* The clerk shall also execute a certificate of mailing of the forfeiture notice and shall place the certificate in the court's file. . . . [¶] . . . [¶] The surety or depositor shall be released of all obligations under the bond if any of the following conditions apply: [¶] . . . [¶] (3) *The clerk fails to mail a copy of the notice of forfeiture to the bail agent at the address shown on the bond.*" (Italics added.)

Section 1013a, subdivision (4), states: "In case of service by the clerk of a court of record, a certificate by that clerk setting forth the exact title of the document served and filed in the cause, showing the name of the clerk and the name of the court of which he or she is the clerk, and that he or she is not a party to the cause, and *showing* the date and place of deposit in the mail, *the name and address of the person served as shown on the envelope,* and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid. This form of proof is sufficient for service of process in which the clerk or deputy clerk signing the certificate places the document for collection and mailing on the date shown thereon, so as to cause it to be mailed in an envelope so sealed and so addressed on that date following standard court practices."[3] (Italics added.)

---

[2] All further references are to the Code of Civil Procedure, unless otherwise indicated.

[3] We note that American contends the Notice of Forfeiture was invalid because the court clerk did not comply with "CCP 1013(a)." Because American's claim concerns *proof* of service by mail and not service by mail generally, we assume it means section 1013a, subdivision (4), and not section 1013, subdivision (a).

■ "An order denying a motion to set aside a forfeiture is appealable. [Citations.]" (*People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1382–1383 [59 Cal.Rptr.2d 777].) "The determination of a motion to set aside a bail forfeiture is in the discretion of the trial court and should not be disturbed on appeal unless an abuse of discretion appears in the record. [Citation.]" (*Id.* at p. 1383.)

Here, the Notice of Forfeiture included four pages, the Notice of Forfeiture, the bail bond, and the bail receipt. The Notice of Forfeiture was addressed to Pacific and American, but it does not include their addresses. More importantly, the court clerk's declaration of service by mail does not include their addresses as required by section 1013a, subdivision (4).[4] The court clerk's declaration of service by mail must include the surety's and bail agent's addresses.[5] (§ 1013a, subd. (4); Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2004) ¶ 9:86.2, p. 9(I)-43.) Although the bail bond includes American's and Pacific's addresses, it is not part of the certificate of mailing and does not satisfy section 1013a, subdivision (4)'s requirements because the bail bond was not prepared by the clerk under penalty of perjury.

■ Although there is an evidentiary presumption a court clerk regularly performs his or her duties (Evid. Code, § 664; *Estate of Crabtree* (1992) 4 Cal.App.4th 1119, 1124 [6 Cal.Rptr.2d 224]), the clerk must comply with the applicable statutory requirements. We find nothing in Penal Code section 1305 that relieves the court clerk of complying with section 1013a, subdivision (4). Therefore, the trial court erred when it found the Notice of Forfeiture was mailed in compliance with statutory law. However, that does not end our inquiry. We reverse only if the record shows Pacific did not receive actual notice of the forfeiture. (*People v. Ranger Ins. Co., supra,* 51

---

[4] The court clerk's declaration of service states: "I, the undersigned, a Clerk of the Superior Court of the State of California for the County of Orange, and not a party to the within action hereby certify that on 4/29/03, I served the foregoing Notice of Bail Bond Forfeiture on the parties whose names first appear herein above, *addressed as therein shown,* by depositing true copies thereof enclosed in sealed envelopes and postage thereon fully prepaid in a United States Postal Service mail box at: 700 Civic Center Drive West, Santa Ana, California." (Italics added.)

American also complains the Notice of Forfeiture was not signed. The Notice of Forfeiture was signed by the clerk of the Superior Court of Orange County and stamped with the deputy clerk's name. This was sufficient.

[5] We do not hold *notice of forfeitures of bail bonds* must include the surety's and bail agent's addresses. However, where the court clerk's certificate of mailing is part of the notice as it is here, the *clerk's certificate of mailing* must include the addresses of the persons served as required by section 1013a, subdivision (4).

Cal.App.4th at pp. 1384–1385; *People v. American Bankers Ins. Co.* (1991) 227 Cal.App.3d 1289, 1292 [278 Cal.Rptr. 314], overruled on another ground in *People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120, 126 [97 Cal.Rptr.2d 858].)

### 2. *Actual Notice of Forfeiture*

American complains Boi's first declaration, where he stated Pacific received the Notice of Forfeiture on April 29, is a factual impossibility and should be disregarded because the trial court's register of actions indicates the court clerk mailed the Notice of Forfeiture the same day. Therefore, American claims Boi's second declaration, where he stated he did not receive the Notice of Forfeiture by mail, but sent someone to the court to obtain the Notice of Forfeiture is the more credible declaration. We conclude both of Boi's declarations establish Pacific received actual notice of the forfeiture.

In *People v. American Bankers Ins. Co., supra,* 227 Cal.App.3d at page 1292, the court addressed the issue of whether Penal Code section 1305 was satisfied when the court clerk inadvertently sent the bail agent's notice of forfeiture to a different bail agent who then forwarded the notice to the bail agent. After acknowledging Penal Code section 1305 must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture, the court explained Penal Code section 1305 has two goals: "to employ a reasonably effective means of notice, and to create a reasonably reliable record of that notice." (*People v. American Bankers Ins. Co., supra,* at p. 1295.) The court held Penal Code section 1305 was satisfied because the bail agent received actual notice of the forfeiture. (*Ibid.*; *People v. Ranger Ins. Co., supra,* 51 Cal.App.4th at pp. 1384–1385 [Pen. Code, § 1305 satisfied by actual notice].)

Here, as evidenced by Boi's first and second declarations, Pacific received actual notice of the forfeiture. In his first declaration, Boi stated, "On April 29, 2003, our company received a Notice of Forfeiture for . . . Ta and an investigation was initiated to locate [Ta]." In fact, with its motion to extend time, American included a copy of the Notice of Forfeiture and on the upper right hand corner it reads, "Rec'd 4/29/03." In his second declaration, Boi said, "At no time did I receive a forfeiture notice from the court until I had an agent go to the court and get a copy of the one in the court file." Both declarations demonstrate Pacific had actual notice of the forfeiture. Therefore, Penal Code section 1305's goals were satisfied, and the trial court did not abuse its discretion in denying American's motion to set aside the summary judgment.

## DISPOSITION

The order denying American's motion to set aside the summary judgment is affirmed. Respondent is awarded its costs on appeal.

Aronson, J., and Ikola, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 21, 2005. George, C. J., did not participate therein.