Filed 5/27/15  Watkins v. County of Los Angeles CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KIMBERLY STARR WATKINS, | B254221 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC494400) |
| v. | |
| COUNTY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Barbara Ann Meiers, Judge.  Appeal dismissed as to County of Los Angeles; judgment affirmed as to Martin & Martin.

Kimberly Starr Watkins, in pro. per., for Plaintiff and Appellant.

Gutierrez, Preciado & House, Calvin House and Nohemi Gutierrez Ferguson for Defendant and Respondent County of Los Angeles.

Martin & Martin, Areva D. Martin and Anne McWilliams for Defendant and Respondent Martin & Martin.

_____

Kimberly Starr Watkins appeals in propria persona from a judgment entered on July 23, 2013, after the trial court granted the demurrer and motion to strike of the County of Los Angeles (the County), ordered the July 23, 2013 judgment amended nunc pro tunc to add Martin & Martin as a dismissed defendant, and denied Watkins's motion to vacate the judgment. Watkins contends that the court erred in granting judgment in favor of the County and Martin & Martin and abused its discretion in denying her motion to vacate the judgment.

We conclude that Watkins's February 5, 2014 appeal as to the July 23, 2013 judgment against the County was not filed timely and dismiss that appeal. Regarding Martin & Martin, because Watkins provided no citation to the record or legal argument regarding the court's order denying her motion to vacate the judgment, we conclude that Watkins waived her arguments as to that motion. Finally, we conclude that the court did not err in granting judgment on the pleadings in favor of Martin & Martin. Watkins did not, and cannot, allege that the firm was her employer, and her claims are barred by the litigation privilege because they are based on the firm's actions as opposing counsel in a related federal action. We thus affirm the judgment as to Martin & Martin.

BACKGROUND

**The October 25, 2012 complaint**

On October 25, 2012, Watkins filed a complaint (subject complaint) against the County, the Department of Public Social Services of the County of Los Angeles (the Department), and Martin & Martin.

We summarize the allegations of the subject complaint as pertinent to the appeal. Watkins alleged that the Department hired her as a clerk in 2006. After filing several grievances, one of which was granted and resulted in her promotion, she took a medical leave of absence from June 3, 2009, to December 15, 2009. Watkins was scheduled to return to work on December 16, 2009, but did not do so. The Department terminated her employment on August 23, 2010, deeming her to have abandoned her job.

2

Watkins alleged 18 causes of action.[1]  She alleged various Labor Code violations against the County and the Department and one such violation against Martin & Martin. She also alleged that the County and the Department engaged in retaliatory, harassing, and discriminatory conduct against her and failed to investigate her complaints.  Watkins further alleged that the County, the Department, and Martin & Martin violated Business and Professions Code section 17200 by coercing her into signing pay stubs and retaliating against her for complaining about wages, working conditions, and discrimination.  With respect to the cause of action for intentional infliction of emotional distress, she alleged that the County, the Department, and Martin & Martin engaged in extreme and outrageous conduct against her.  As to the cause of action for negligent infliction of emotional distress, she alleged that the County, the Department, and Martin & Martin were negligent in hiring one or more of the "other defendants" and failed to protect Watkins from injuries that she sustained as a result of the actions of the other defendants.

As to the fraud cause of action, Watkins alleged that on September 28, 2010, she filed a lawsuit in Los Angeles Superior Court against the County.  In October 2010, the County removed the lawsuit to the United States District Court for the Central District of California (district court).[2]  Watkins alleged that Martin & Martin represented the County

---

[1] The first through ninth causes of action alleged various Labor Code violations against the County and the Department, except that the eighth cause of action for violation of Labor Code section 216 was also alleged against Martin & Martin.  The following causes of action were alleged only against the County and the Department: the 10th cause of action for retaliatory employment practices; 11th cause of action for disability discrimination; 12th cause of action for disability harassment; 13th cause of action for race discrimination; and 14th cause of action for failure to investigate.  The following causes of action were alleged against the County, the Department, and Martin & Martin:  the 15th cause of action for fraud; 16th cause of action for violation of Business and Professions Code section 17200; 17th cause of action for intentional infliction of emotional distress; and 18th cause of action for negligent infliction of emotional distress.

[2] The record shows that on March 22, 2011, Watkins filed a first amended complaint (FAC) in the district court.  In addition to the County and the Department, the FAC named as defendants numerous employees of the Department and other Los

3

and the Department in the district court action. Watkins averred that she relied on Martin & Martin's representation of high ethical standards on its Web site. Martin & Martin conspired with the County and the Department to defraud her when it knowingly filed and made false statements in the district court action to mislead the district court judge. More specifically, she alleged that Martin & Martin falsely informed the district court that Watkins had not filed a tort claim with the County and that she had not exhausted her administrative remedies. Martin & Martin also allegedly acted with malice toward Watkins in order to collect additional attorney fees from the County, and Watkins suffered financial, physical, and emotional damages as a result of the judgment that was entered against her. The district court granted summary judgment in favor of the County on September 8, 2011.[3]

Watkins alleged that she filed complaints and tort claims against the County with various agencies and boards and her union. We observe that Watkins does not allege that Martin & Martin was ever her employer.

**Procedural background**

On January 28, 2013, the County filed a demurrer to the subject complaint, noting on the title page that it had been erroneously sued as the Department. The County also argued that all of Watkins's causes of action were barred by res judicata by virtue of the above-described federal proceedings. The County made the following arguments as to certain of Watkins's causes of action: (1) they were defective because they were based on statutes that do not apply to the County; (2) Watkins failed to comply with certain administrative prerequisites; (3) the litigation privilege precluded the claims; (4) they did not state a legally viable claim; (5) common law tort liability was not available against public entities; and (6) the Workers' Compensation Act preempted the claims.

---

Angeles County departments, and a member of the Los Angeles County Board of Supervisors.

[3] The district court's judgment was affirmed on appeal by the Ninth Circuit Court of Appeals.

4

On February 14, 2013, the County filed a special motion to strike the subject complaint pursuant to Code of Civil Procedure section 425.16, subdivision (e)(1) (anti-SLAPP statute).[4]

Watkins filed her oppositions to the County's demurrer and anti-SLAPP motion only on the date of the hearing, May 20, 2013. The trial court struck plaintiff's oppositions as untimely, and as an additional ground regarding the opposition to the anti-SLAPP, for lack of a proof of service. The court, however, stated that it would review plaintiff's oppositions "before rendering its final decision to insure that no error is made."

After argument and taking the matter under submission, on the same day the trial court granted the County's motion to strike and demurrer; dismissed with prejudice the subject complaint in its entirety against the County; and awarded $1,901 in attorney fees to the County.[5] As to the anti-SLAPP motion, the court found that "there is no possibility much less a 'probability' of plaintiff [*sic*] succeeding on the merits." The court also cautioned Watkins against pursuing claims against Martin & Martin because causes of action based on allegedly false testimony made in a judicial proceeding "are based on privileged matters which cannot form the basis for suit."

The trial court thus sustained the County's demurrer in its entirety without leave to amend "as to every aspect of the Complaint based on all of the points, arguments and law cited in [the County's] papers." The court observed that with the exception of her allegations of fraud committed during the federal proceedings, Watkins's "attempt to create new issues" that could have been raised in the district court action were "simply frivolous," and that res judicata applied to bar her claims. The court also found that the statute of limitations had run on "virtually every claim despite plaintiff's efforts to reinstate starting times by new administrative post-federal lawsuit filings." Additionally,

---

[4] SLAPP is an acronym for strategic litigation against public participation. (*Equilon Enterprises v. Consumer Cause, Inc*. (2002) 29 Cal.4th 53, 57, fn. 1.)

[5] The trial court noted that the Department had been sued improperly as a separate entity and that it was treating the demurrer and motion to strike as having been filed on behalf of both.

judicial estoppel barred Watkins from alleging "her original suit and 'firing' was [*sic*] based on grounds contrary to those alleged in the earlier federal case. Given the inadequacy of all of the underlying labor, discrimination, workers compensation, retalitation [*sic*] and fraud claims, etc., alleged, there is no foundation whatsoever for any intentional 'negligent' infliction of emotional distress claim even were such a claim available against a government entity."

The trial court also set, on its own motion, a hearing under Code of Civil Procedure section 438 for July 1, 2013, to consider issuing a judgment on the pleadings in favor of Martin & Martin "in light of the fact that the plaintiff's claims against it appear to suffer from all of the deficiencies noted above with regard to plaintiff's claims of 'fraud' etc., in connection with the conduct of the prior federal proceedings."

On June 9, 2013, Martin & Martin filed a notice of joinder in the County's anti-SLAPP motion and a separate memorandum of points and authorities in support of the trial court's "sua sponte motion for judgment on pleadings, and/or alternatively, granting anti-SLAPP motion."[6] Martin & Martin argued that the subject complaint failed to state a claim against it as a matter of law because all its activities defending the County in the district court action were privileged under Civil Code section 47, subdivision (b), and Watkins had no basis to allege any employment-related claim against Martin & Martin because it had never employed Watkins. Watkins did not oppose Martin & Martin's joinder or memorandum in support of the trial court's sua sponte motion for judgment on the pleadings.

On June 25, 2013, Watkins filed a "notice of intentions to vacate court's order granting [the County] defendants' motion to strike and demurrers to plaintiff's complaint pursuant to CCP § 473(B) and based on fraud."

The trial court heard argument on its sua sponte motion for judgment on the pleadings on July 1, 2013, and issued a minute order on the same day in which it struck

---

[6] Martin & Martin represented in its joinder papers that it had not yet been served with the summons or subject complaint.

6

Watkins's "'Notice of Intention'" as a "meaningless document outside of code and improperly served." The court granted the unopposed motion for judgment on the pleadings in favor of Martin & Martin "on all of the grounds previously stated in the Court's ruling as to the County of Los Angeles defendants, with judicial notice taken of the earlier Federal case as previously cited." The court stated: "The Slapp Motion of Martin & Martin would also be granted but for a lack of adequate notice and timing. All Does are dismissed with prejudice." The court ordered Martin & Martin to recover costs and to prepare a judgment for signature within 10 days.

On July 23, 2013, judgment was entered granting the County's demurrer and special motion to strike and ordering Watkins to pay attorney fees in the amount of $1,901 and costs in the amount of $1,009 to the County.

On August 6, 2013, the County filed a notice of entry of the July 23, 2013 judgment. The proof of service attached to the notice of entry of judgment was dated August 5, 2013.[7]

On September 26, 2013, Watkins filed a "notice of entry of order," which stated that the trial court granted Martin & Martin's motion for judgment on the pleadings; denied Martin & Martin's anti-SLAPP motion; and ordered Martin & Martin to prepare a judgment within 10 days of the date of the July 1, 2013 order.

On October 4, 2013, Watkins filed a "notice of intentions to vacate court's orders granting defendants' motion to strike and demurrers to plaintiff's complaint pursuant to CCP § 473(B) and based on fraud." In this document, she sought to vacate the above-

---

[7] More specifically, the declarant signed the form proof of service under penalty of perjury, which recites that "the foregoing is true and correct. Date: August 5, 2013." Included in the "foregoing" is a paragraph stating in pertinent part that "*Notice of Entry of Judgment or Order* was mailed: a. on (date): 8/ /13." Clearly, the mailing of the judgment at issue here had to precede the August 5, 2013 execution by the declarant. Watkins does not contest the validity of the latter notice or whether or when she received the notice represented in the County's proof of service. Nor did she file a reply brief after the County argued in its appeal brief that Watkins's appeal was untimely.

7

described rulings against her in favor of the County and Martin & Martin, as well as "[a]ll other adverse rulings taken against Plaintiff in this action."

On January 3, 2014, Watkins filed a motion to vacate the July 23, 2013 judgment regarding the County's demurrer and anti-SLAPP motion pursuant to Code of Civil Procedure section 473, subdivision (b), based on excusable neglect, fraud, surprise, and "error of law."

After a hearing on February 4, 2014, the trial court issued a minute order denying Watkins's motion to vacate the July 23, 2013 judgment "for all of the reasons advanced by the City [*sic*] defendants in their original papers preceding 5/20/13 and as originally were given by the court in dismissing the case on 5/20/13 and in its ruling regarding Martin & Martin." The court further noted that "dismissal of this case is and was . . . with prejudice."

The trial court also identified "a need to amend and correct the Judgment of 7/23/13 which it now does ordering that the written Judgment of 7/23/13, under the one Judgment rule be amended to provide that plaintiff is also to recover nothing from defendant Martin & Martin with costs awarded to Martin & Martin." The court ordered that the July 23, 2013 order be amended nunc pro tunc and ordered Martin & Martin to submit the amended judgment by February 13, 2014.

On February 5, 2014, Watkins filed notice of appeal from: "1. The February 4, 2014 order denying Plaintiff's Motion to Vacate Judgment Pursuant to CCP § 473(b) and based on fraud. [¶] 2. The July 23, 2013 Judgment granting the [County's] Motion to Strike and Demurrers to Plaintiff's First Amended Complaint. [¶] 3. The July 1, 2013 order granting judgment on the pleadings as to defendant Martin & Martin, LLP. [¶] 4. The May 20, 2013 order granting the County's Motion to Strike Plaintiff's Complaint pursuant to CCP § 425.16. [¶] 5. The May 20, 2013 order granting the County's Demurrer to Plaintiff's Complaint. [¶] 6. The May 20, 2013 order awarding the County its attorneys' fees in the amount of $1900," as well as "[a]ll other adverse ruling [*sic*] entered against Plaintiff in this action."

8

On February 7, 2014, the County filed a notice of ruling reflecting the trial court's February 4, 2014 minute order denying Watkins's motion to vacate the July 23, 2013 judgment and amending the July 23, 2013 judgment nunc pro tunc to enter judgment in favor of Martin & Martin. The proof of service indicated that Watkins had been served by mail on February 6, 2014.

On February 13, 2014, an amended and corrected judgment was filed "in favor of" the County and Martin & Martin and against Watkins, awarding the County attorney fees in the amount of $1,901 and costs to Martin & Martin.[8] The trial court issued a minute order correcting the "original judgment" nunc pro tunc "for clerical error."

## DISCUSSION

**Watkins's appeal was not filed timely as to the County**

The County argues that Watkins's February 5, 2014 appeal of the July 23, 2013 judgment was not filed timely because Watkins filed her appeal more than 60 days after she was served with notice of entry of the July 23, 2013 judgment. California Rules of Court, rule 8.104(a)(1)[9] requires that a notice of appeal must be filed within 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled "'Notice of Entry'" of judgment or a file-stamped copy of the judgment, accompanied by proof of service. (*Delmonico v. Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 83–84.) Watkins filed her notice of appeal on February 5, which is

---

[8] The County had filed a notice of errata correcting a previously submitted proposed judgment because of an "inadvertent typographical error" in putting in the wrong date for the July 1, 2013 hearing.

[9] California Rules of Court, rule 8.104(a)(1) provides in pertinent part: "(a) Normal time  [¶]  (1) Unless a statute, rule 8.108, or rule 8.702 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] . . . [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled "Notice of Entry" of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."

more than 60 days after the August 5, 2013 date on which the County served notice of entry of the July 23, 2013 judgment.[10]

Watkins's January 3, 2014 motion to vacate the July 23, 2013 judgment under Code of Civil Procedure section 473, subdivision (b) does not rescue her untimely appeal against the County. California Rules of Court, rule 8.108(c) provides for an extension of time within which to appeal a judgment if a party "serves and files a valid notice of intention to move—or a valid motion—to vacate the judgment . . . ." Rule 8.108(c) extends the time for filing a notice of appeal to the earliest of the following three deadlines: "(1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move—or motion—is filed; or [¶] (3) 180 days after entry of judgment."[11]

Applying those deadlines here, the superior court ruled on the motion to vacate on February 4, 2014, so that the 30-day period in rule 8.108(c)(1) expired on March 6, 2014; Watkins filed her notice of appeal on February 4, 2014. Ninety days after Watkins filed the January 3, 2014 motion to vacate was April 3, 2014.[12] But the rule requires filing by

---

[10] See footnote 7, *ante*.

[11] California Rules of Court, rule 8.108(a) provides that the extensions in rule 8.108 do "not shorten the time to appeal. If the normal time to appeal stated in rule 8.104(a) is longer than the time provided in this rule, the time to appeal stated in rule 8.104(a) governs." Here the "normal time" within which to appeal expired on or about October 5, 2013. By virtue of rule 8.108(a), we do not calculate the extension period in rule 8.108(c)(2) from Watkins's first purported notice of intent to vacate filed on June 25, 2013.

[12] We note that Watkins's two purported "notices of intentions" do not appear to be "valid" as required by California Rules of Court, rule 8.108(c) to extend a deadline for noticing an appeal. First, the trial court struck the June 25, 2013 "notice of intentions" as a "meaningless document outside of code and improperly served." Although the court did not strike Watkins's October 4, 2013 "notice of intentions," we conclude that it, too, does not appear to be a valid notice of intention. Under Code of Civil Procedure section 663a, a notice of intention is required for motions made under Code of Civil Procedure section 663, which are, generally speaking, motions to vacate a judgment from a decision of the court or a jury verdict. Watkins, however, filed a motion to vacate under Code of Civil Procedure section 473, subdivision (b), not section 663.

10

the earliest of the latter three deadlines.  The 180-day period in rule 8.108(c)(3) ran from July 23, 2013, when judgment was entered in favor of the County, which deadline expired on or about January 21, 2014.  Having filed her notice of appeal only on February 4, 2014, Watkins's appeal was untimely notwithstanding her motion to vacate the trial court's rulings in favor of the County under Code of Civil Procedure section 473, subdivision (b).**13**

**Watkins has failed to demonstrate error on appeal as to Martin & Martin**

> ***Watkins waived her arguments as to the motion to vacate the July 23, 2013 judgment by failing to cite to the record and applicable legal authority***

An appellant's responsibility on appeal is to demonstrate error and support his or her argument by citation to the record and to applicable legal authority.  (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)  We are not required to review undeveloped claims or to make arguments for the parties.  (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.)  When a brief fails to contain legal argument with citation of the applicable authorities, we may treat the argument as waived.  (*Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948.)  Similarly, a party's failure to support an argument with the necessary citations to the record results in waiver of the argument.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)  A self-represented party is subject to the same rules as a party represented by counsel.  (*City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 819.)

Watkins's notice of appeal states that she was appealing from, among other things, "The February 4, 2014 order denying Plaintiff's Motion to Vacate Judgment Pursuant to CCP § 473(b) and based on fraud."  In her opening brief, Watkins states that the trial court abused its discretion in denying her motion to vacate the July 23, 2013 judgment pursuant to Code of Civil Procedure section 473, subdivision (b).  Watkins makes no further reference to the motion to vacate the July 23, 2013 judgment.  She does not provide any legal argument or citation to the record with respect to the court's order

---

**13** Martin & Martin does not dispute that Watkins's appeal was timely as to it.

11

denying her motion to vacate the judgment. She did not file a reply brief. Accordingly, we deem the argument waived.

### *The trial court did not err in granting the motion for judgment on the pleadings in favor of Martin & Martin*

Watkins contends that she is making only the following two arguments on appeal: the doctrine of res judicata did not bar her claims, and the County's anti-SLAPP motion should have been denied because there is a probability she would have prevailed on all of her claims. First, as set forth *ante*, because Watkins's appeal against the County was not timely, we need not address her argument that the trial court erred in granting the County's anti-SLAPP motion. Second, the trial court properly granted judgment on the pleadings in favor of Martin & Martin for two reasons: Watkins does not, and cannot, allege that Martin & Martin—her opposing counsel in the district court action—was her employer; and her claims are barred by the litigation privilege in Civil Code section 47, subdivision (b).[14]

A motion for judgment on the pleadings is equivalent to a demurrer. (*Pang v. Beverly Hospital, Inc.* (2000) 79 Cal.App.4th 986, 989.) "A trial court's determination of a motion for judgment on the pleadings accepts as true the factual allegations that the plaintiff makes. [Citations.] In addition, it gives them a liberal construction. [Citations.] [¶] An appellate court's consideration of the ensuing determination by the trial court involves the same acceptance and liberal construction of the factual allegations in question. [Citations.]" (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515–516.) The trial court's ruling on a motion for judgment on the pleadings is subject to independent review. (*Id*. at p. 515.)

Watkins alleged causes of action against Martin & Martin for violation of Labor Code section 216, violation of Business and Professions Code section 17200, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress.

---

[14] We therefore do not address Martin & Martin's argument that Watkins's claims are barred by the doctrine of res judicata.

12

The causes of action for violation of Labor Code section 216 (alleging willful refusal to pay wages due after demand and false denial of the validity of wages) and violation of Business and Professions Code section 17200 (alleging failure to pay wages due, coercing Watkins into signing pay stubs, and retaliation against her for complaining about working conditions and discrimination) fail as a matter of law because Watkins does not allege that Martin & Martin was her employer. Nor could she, given that the firm represented the opposing party in the district court action. Indeed, the only allegations in the subject complaint with respect to Martin & Martin concern that very representation of the County.

Watkins's causes of action for fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress are based on allegations that Martin & Martin (1) made representations on its Web site that it had high ethical standards, upon which she relied; and (2) conspired with the County to defraud her in making false statements in the district court action that she had not exhausted her administrative remedies or filed a tort claim with the County.

We conclude that Watkins's allegations reveal that Martin & Martin's actions in the district court action were privileged under Civil Code section 47, subdivision (b). That privilege is absolute and applies "'to *all* publications, irrespective of their maliciousness.' [Citation.] 'The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action.' [Citation.] The privilege 'is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards.' [Citation.]" (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241.) The litigation privilege has been held to immunize defendants from tort liability based on theories of, among other things, intentional infliction of emotional distress and fraud. (*Id*. at p. 1242.) Thus, the trial court properly granted the motion for judgment on pleadings alleging such privileged matter.

13

## DISPOSITION

The appeal is dismissed as to the County of Los Angeles.  The judgment is affirmed as to Martin & Martin.  The County of Los Angeles and Martin & Martin are awarded their respective costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, J.*

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.