[No. B081073. Second Dist., Div. Five. Feb. 15, 1994.]

CHERYL CASADO, Plaintiff and Appellant, v.
SEDGWICK, DETERT, MORAN & ARNOLD et al., Defendants and
Respondents.

Cheryl Casado, in pro. per., for Plaintiff and Appellant.

Sedgwick, Detert, Moran & Arnold and Kristin E. Meredith for Defendants and Respondents.

**TURNER, P. J.**—Plaintiff, Cheryl Casado, purports to appeal from a judgment in favor of defendants, Sedgwick, Detert, Moran & Arnold and Lenore Duncan. We determined that the notice of appeal was not timely filed. Accordingly, the appeal is dismissed.

On October 28, 1993, defendants served a notice of entry of judgment. Additionally, defendants likewise served a notice of ruling concerning the denial of plaintiff's various posttrial motions. Both notices were served on October 28 but not filed until October 29, 1993. On December 28, 1993, plaintiff filed her notice of appeal. The notice of appeal was filed 61 days after the *service* of the notices of entry of judgment and ruling on the posttrial motions. However, the notice of appeal was filed only 60 days after the *filing* date of the notices of entry of judgment and ruling on the posttrial motions.

The notice of appeal was untimely because it was filed 61 days after the service of the notices of entry of judgment and ruling on the posttrial

motions. Rule[1] 2(a) of the California Rules of Court states in pertinent part: "Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal from a judgment shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal . . . ." Plaintiff reasons that she was entitled to file the notice of appeal within 60 days after the filing with the clerk of the superior court of the notices of entry of judgment and ruling on the posttrial motions. However, rule 2(a) explicitly states that the time for filing the notice of appeal is "60 days after the date of service of a document entitled 'notice of entry' . . . ." Rule 2(a) does not provide that the 60-day time period runs from the date of filing of the document. In fact, rule 2(a) does not even mention the necessity of filing the document which contains the language " 'notice of entry' . . . ." Further, plaintiff was not entitled to the five-day extension of time pursuant to Code of Civil Procedure section 1013, subdivision (a). That is because Code of Civil Procedure section 1013, subdivision (a) explicitly states that the five-day extension "shall not apply to extend the time for filing . . . notice of appeal." Rule 45(c) also provides that the time for filing the notice of appeal shall not be extended. Accordingly, because the notice of appeal was not filed until 61 days after the notices of entry of judgment and ruling on the posttrial motions were served, the appeal is untimely. Therefore, this court is without jurisdiction to consider plaintiff's appeal. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349]; *Estate of Crabtree* (1992) 4 Cal.App.4th 1119, 1123 [6 Cal.Rptr.2d 224].)

The appeal is dismissed. Defendants, Sedgwick, Detert, Moran & Arnold and Lenore Duncan, shall separately recover their costs on appeal from plaintiff, Cheryl Casado.

Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 18, 1994.

---

[1] All future references to a rule are to the California Rules of Court.