Filed 3/4/15  Mardikian v. Wawanesa General Ins. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| LILLIAN MARDIKIAN,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>WAWANESA GENERAL INSURANCE COMPANY,<br><br>  Defendant and Respondent. | A144039<br><br>(San Mateo County<br>Super. Ct. No. CIV526757) |

**I.**

**INTRODUCTION**

In this insurance coverage dispute, the trial court entered judgment against Lillian Mardikian (plaintiff) after granting a summary judgment motion by Wawanesa General Insurance Company (defendant).  Plaintiff filed a notice of appeal more than 60 days after defendant served her with notice of entry of the judgment.  Accordingly, we grant defendant's motion to dismiss this appeal.

**II.**

**PROCEDURAL FACTS**

On September 17, 2014, the trial court granted a defense motion for summary judgment as to plaintiff's complaint for breach of contract and breach of the implied covenant of good faith and fair dealing arising out of the denial of an automobile insurance claim.  The trial court found that there was no triable issue of material fact because undisputed evidence established that plaintiff was not a named insured or

1

otherwise entitled to insurance coverage under the subject policy. In reaching this conclusion, the court expressly found that plaintiff's "self-serving" declarations attempting to create a triable issue of fact directly contradicted earlier sworn statements made by her son who was the named insured under the policy.

The resulting judgment was signed by the court on October 31, 2014, and filed on November 6, 2014. Defendant served notice of entry of judgment by mailing a copy of the notice to plaintiff's counsel on November 7, 2014. Defense counsel also emailed a courtesy copy of the notice to plaintiff's counsel. On November 13, 2014, defendant filed a copy of the notice of entry of judgment with an attached proof of service that was completed on November 7, 2014.

On January 12, 2015, plaintiff filed an in pro. per. notice of appeal which erroneously stated that the judgment in this case was entered on November 13, 2014. In her "Civil Case Information Sheet," plaintiff correctly stated that judgment was entered on November 6, but erroneously stated that notice of entry of judgment was served on her on November 13, 2014.

## III.

## DISCUSSION

Rule 8.104 of the California Rules of Court (rule 8.104) provides that, absent circumstances not present here, a notice of appeal must be filed on or before the earliest of three dates: "(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." (Rule 8.104(a)(1).)[1] ". . . If a

---

[1] The time period is not extended by Code of Civil Procedure section 1013 because subdivision (a) of that statute explicitly states that the five-day extension " 'shall not apply to extend the time for filing . . . notice of appeal.' " (*Casado v. Sedgwick, Detert, Moran & Arnold* (1994) 22 Cal.App.4th 1284, 1286.)

2

notice of appeal is filed late, the reviewing court must dismiss the appeal." (Rule 8.104(b).)

In this case, defendant served plaintiff with a document entitled notice of entry of judgment on November 7, 2014. Therefore, plaintiff was required to file her notice of appeal within 60 days after that date, on or before January 6, 2015. (Rule 8.104(a)(1)(B).) However, plaintiff did not file her notice of appeal until January 12, 2015. Since the notice of appeal was filed late, this appeal must be dismissed. (Rule 8.104(b).)

Pointing out that the copy of the notice of entry of judgment submitted in support of defendant's motion to dismiss this appeal contains a court-stamped date of November 13, 2014, plaintiff argues that "[i]t is impossible for this 'complete document' to have been served on any date prior to November 13, 2014." However, the court-stamped date that plaintiff references is the date that defendant filed a copy of its notice of entry of judgment with the proof of service attached. The date defendant filed that document in the superior court is irrelevant to our inquiry; it does not alter the fact that the notice itself was served on plaintiff on November 7, 2014.

Alternatively, plaintiff contends that defendant's service of the notice must be "presumed invalid." To support this claim, plaintiff relies on the following standard language that appears on the printed proof of service form that defendant used in this case: "I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit." Plaintiff mistakenly invokes this proof of service language because she is the "party served," and she did not file a motion challenging the affidavit of service. Plaintiff insists that defendant cannot verify the date of service because it allegedly used " 'stamps.com' instead of traditional US [*sic*] postage" to mail the notice to plaintiff. First, contrary to plaintiff's premise, the defendant did verify service by completing and filing a proof of service. Second, even if plaintiff could verify her contention that the defendant used "stamps.com," she fails to explain how this

3

circumstance would show that the postal cancellation date or postage meter date was more than one day after date of deposit.

Citing *Glasser v. Glasser* (1998) 64 Cal.App.4th 1004 (*Glasser*), plaintiff contends that an evidentiary hearing must be held before the motion to dismiss may be granted. The *Glasser* plaintiff opposed a motion to dismiss on the ground that the defendant's notice of entry of judgment was not mailed. His opposition was supported by a declaration from plaintiff's counsel who "aver[red] that he never received the judgment, proposed judgment, or a notice of entry of judgment," and that on prior occasions during the litigation he did not receive other documents that had purportedly been served on him by the defendant. (*Id*. at pp. 1008-1009.) In its summary of the factual and procedural background of the case, the *Glasser* court noted that the issue of whether notice had been served was submitted for an evidentiary hearing which resulted in a finding that notice of entry of judgment had been mail-served by the defendant. (*Id*. at p. 1009.)

Nothing in *Glasser* supports plaintiff's demand for an evidentiary hearing under the circumstances of this case. Plaintiff does not actually dispute that notice of entry of judgment was mailed or that she received that notice. Further, there is no conflict in the evidence which establishes that plaintiff was mail-served with notice of entry of judgment on November 7, 2014, and that her untimely notice of appeal was filed more than 60 days later on January 12, 2015.

"Under California law, if an appeal is untimely, the appellate court has no jurisdiction to consider its merits and the appeal must be dismissed. [Citations.]" (*Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 762; see also *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. [Citation.]"].)

## IV.

## DISPOSITION

The appeal is dismissed.

_____
RUVOLO, P. J.


We concur:


_____
REARDON, J.


_____
RIVERA, J.

5