Filed 12/10/15  Drumea v. 1300 N. Curson Investors LLC CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CECILIA DRUMEA et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>1300 N. CURSON INVESTORS LLC.,<br><br>Defendant and Respondent. | B259733 c/w B261353<br><br>(Los Angeles County<br>Super. Ct. No. BC527499) |

APPEALS from a judgment and order of the Superior Court of Los Angeles County, Kevin C. Brazile, Judge.  Dismissed in part and affirmed in part.

Leslie R. Smith for Plaintiffs and Appellants.

Miller Barondess and James Goldman for Defendant and Respondent.

_____

In this action for malicious prosecution and other claims, defendant moved to strike the complaint under the anti-SLAPP statute (Code Civ. Proc., § 425.16).[1] The trial court granted the motion, entered a judgment (order of dismissal) and, in a postjudgment order, granted attorney fees to defendant under the anti-SLAPP statute. Plaintiffs, Cecilia and Elena Drumea, filed separate notices of appeal from the judgment (B259733) and the fee award (B261353). The appeal from the judgment is dismissed as untimely. The postjudgment order awarding attorney fees is affirmed.

## FACTUAL AND PROCEDURAL SUMMARY

The Drumeas have lived in a unit in an apartment building located at 1300 N. Curson Avenue in Los Angeles since 1992. Curson Investors LLC. (Curson) purchased the building on July 1, 2011. Cecilia Drumea served as the resident manager for the building from December 1993 until June 30, 2011. She was terminated effective June 30, 2011, by the previous owner.

Curson filed an unlawful detainer action against the Drumeas on July 25, 2011 and then voluntarily dismissed the action without prejudice on November 15, 2011. A rent dispute ensued and Curson filed a lawsuit on May 29, 2012 (the Ejectment action).

While the Ejectment action was on appeal, the Drumeas filed this case on November 13, 2013, alleging causes of action for malicious prosecution, elder abuse, and violation of California Business and Professions Code section 17200 (UCL). Curson filed a special motion to strike the Drumeas' complaint and a motion for judgment on the pleadings. The Drumeas responded by filing a motion for leave to file a cross-complaint in the Ejectment action and/or for an order construing the existing pleading as a cross-complaint in the Ejectment action, or in the alternative to consolidate their action with the Ejectment action. The trial court denied the Drumeas' motions to file a cross-complaint

---

[1] SLAPP is an acronym for "'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)
Unless otherwise indicated, statutory references are to the Code of Civil Procedure.

or to construe their complaint as a cross-complaint in the Ejectment action because the Ejectment action already had been submitted for decision and thus the request was not timely. It also denied the Drumeas' motion to consolidate. Then, finding that the Drumeas had failed to demonstrate a probability of success on the merits because their claims should have been brought as compulsory cross-claims, the court granted Curson's special motion to strike as to all three causes of action. Because the court granted the special motion to strike, it did not consider Curson's motion for judgment on the pleadings. Notice of entry of judgment was served by defendants by first-class mail on August 28, 2014. The Drumeas filed their notice of appeal (B259733) on October 29, 2014, a Wednesday, 62 days after the notice of entry of judgment was served.

On November 18, 2014, Curson filed a motion for attorney fees under the anti-SLAPP statute. Of the requested fees of $22,431, the court awarded Curson $13,799. The Drumeas filed a timely appeal (B261353).

The Drumeas' two appeals, B261353 and B259733, were ordered to be consolidated for briefing, oral argument, and decision. We asked the parties to submit supplemental briefing on the issue of whether this court has jurisdiction over the appeal from the order of dismissal, pursuant to California Rules of Court, rule 8.104(a)(1).[2]

## DISCUSSION

### I

"The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. [Citation]" (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56; see also *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674; *Estate of Crabtree* (1992) 4 Cal.App.4th 1119, 1123.) Unless an exception applies, an appeal must be filed on or before the earliest of the following dates: "(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date

---

[2] All further rule references are to the California Rules of Court.

either was served;  [¶]  (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or  [¶]  (C) 180 days after [the date of entry] of the judgment."  (Rule 8.104(a)(1).)

As to the appeal from the order of dismissal (B259733), the 60-day period began to run on August 28, 2014, when the notice of entry of judgment was served by Curson. (See *Thiara v. Pacific Coast Khalsa Diwan Society* (2010) 182 Cal.App.4th 51, 57 [proof of service establishes date 60-day period under rule 8.104(a)(2) begins].)  The Drumeas' notice of appeal, which was filed 62 days later, on October 29, 2014 was not timely.  (See *Casado v. Sedgwick, Detert, Moran & Arnold* (1994) 22 Cal.App.4th 1284, 1286 [notice of appeal filed 61 days after notice of entry of judgment was served is untimely].)

The Drumeas make three arguments as to why the appeal should be deemed timely.  First, the notice of judgment was not properly served on all parties; second, the 180-day period under rule 8.104(a)(1)(C) should apply because counsel did not receive the notice; and third, estoppel principles should apply.

The Drumeas claim that notice of judgment was not properly served on all attorneys of record because defendant did not serve its own co-counsel with the notice. None of the statutes cited by the Drumeas support their position that the party providing service must also serve their own co-counsel with notice.  Section 1014 provides that after a defendant makes an appearance in an action, "a defendant *or* the defendant's attorney is entitled to notice of all subsequent proceedings of which notice is required to be given."  (Italics added.)  This statute is inapplicable because it provides protection to the defendant in an action, not the plaintiff, and the statute provides protection to the defendant as a party, not to each of defendant's attorneys.  Section 1019.5 provides that "notice of the court's decision or order shall be given by the prevailing party to all other parties or their attorneys."  Here, Curson was the prevailing party and provided notice on the "other" party, the Drumeas. Similarly, section 664.5 provides that the party "submitting an order or judgment for entry shall prepare and mail a copy of the notice of entry of judgment to all *parties* who have appeared in the action or proceeding."  (Italics

4

added.)  The Drumeas were the only other "party" in this action and Curson met its burden by serving notice on them.  The statute does not require the prevailing party to serve notice on each attorney that has appeared in the action, including its own.

The Drumeas' second argument that the 180-day period should apply because counsel's building had mail delivery problems is also without merit.  Appellant's counsel included in her supplemental briefing a signed declaration stating she never received the notice of entry.  Yet, the fact that appellants' counsel claims she never received the notice does not toll the running of the period.  (See *Meskell v. Culver City Unified School Dist.* (1970) 12 Cal.App.3d 815, 824 ["Where service of a notice of entry of judgment is properly made by mail pursuant to section 1013 of the Code of Civil Procedure, the risk of failure of the mail is on the addressee, and the addressee may not be heard to say that such notice was not received"].)

The cases cited by the Drumeas applied the 180-day limitation when the notice was sent to the wrong address or the court found that notice had not been served.  (See *Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 288 [dismissal under 60-day period found improper where notice of entry of judgment was mailed to wrong address]; *ABCO, LLC v. Eversley* (2013) 213 Cal.App.4th 1092, 1097 [180-day rule applied because trial court determined notice of entry was not served].)  The Drumeas have not supported, with any authority, their position that the 180-day period should apply if the party on whom process was properly served claims they never received notice.

Finally, the Drumeas argue that because the circumstances (mail delivery problems) that resulted in their appeal being untimely were beyond their control, they should not be penalized for missing the 60-day deadline under an estoppel theory.  Jurisdiction cannot be conferred upon appellate courts on an estoppel theory.  (*Pressler v. Donald L. Bren Co.* (1982) 32 Cal.3d 831, 835; see also *Hollister Convalescent Hosp., Inc. v. Rico, supra,* 15 Cal.3d at p. 674 [when notice of appeal has not been timely filed, the appellate court "lacks all power to consider the appeal on its merits and must dismiss, on its own motion if necessary, without regard to considerations of estoppel or excuse"].)

*Thompson, Curtis, Lawson & Parrish v. Thorne* (1971) 21 Cal.App.3d 797, 803, considered a possible trend toward creating an exception to the traditional jurisdiction rule for timely appeals. The "'quasi-estoppel'" exception contemplated by that court required an appellant to show "(1) that he [or she] was justifiably in doubt regarding the time within which the notice was required to be filed; and (2) that this doubt was caused by his [or her] reliance upon some conduct by the respondent." (*Ibid.*) Here, even a quasi-estoppel theory would not apply because the Drumeas argue the postal service, not Curson, was at fault, and they do not argue that Curson's conduct in any way misled them.

Because the notice of appeal was not timely, this court is without jurisdiction to consider the merits of the anti-SLAPP and cross-complaint motions. (See *Nu-Way Associates, Inc. v. Keefe* (1971) 15 Cal.App.3d 926, 928-929 ["Where a notice of appeal is untimely the appellate court on its own motion must dismiss the appeal. [Citations.]"].)

II

As a prevailing defendant on an anti-SLAPP motion, Curson was entitled to mandatory attorney fees and costs. (§ 425.16, subd. (c); *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131.) The Drumeas have timely appealed the trial court's award of attorney fees to Curson on the anti-SLAPP motion. We review an award for attorney fees under an abuse of discretion standard. (*Ketchum, supra,* at p. 1130.)

The Drumeas have failed to carry their burden to show the trial court's award of $13,799 as attorney fees and costs constituted an abuse of discretion. The Drumeas contend that the attorney fees awarded to Curson were excessive because the hourly rate charged by Curson's counsel is not reasonable for a landlord-tenant dispute and because some of the attorney time for which Curson sought compensation was incurred for work performed that was not in connection to Curson's anti-SLAPP motion.

The trial court found that the rate charged by Curson's counsel, $595 per hour, was reasonable. The court noted that counsel was a partner of the firm and had a 40-year

6

career in real estate and business law.  The court reduced the award from $22,431 to $13,799 because it found that some of the work was not directly related to the anti-SLAPP or attorney fee motions.

In light of these facts, we conclude the Drumeas failed to carry their burden to establish the trial court abused its discretion.  (See *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 [although trial court's award of over $27,000 in attorney fees for special motion to strike was generous, award did not exceed "bounds of reason"]; see also *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1253 [trial court's grant of $23,000 as attorney fees and costs under anti-SLAPP statute was not an abuse of discretion].)

## DISPOSITION

The appeal from the order of dismissal is dismissed.  The order granting attorney fees is affirmed.  Respondent is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

7