Filed 3/18/16  Rueppel v. Bank of America CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ERIK RUEPPEL et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>BANK OF AMERICA N.A. et al.,<br><br>    Defendants and Respondents. | H040953<br>(Santa Cruz County<br>Super. Ct. No. CISCV176602) |
| ERIK RUEPPEL et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, LP,<br><br>    Defendant and Respondent. | H041779<br>(Santa Cruz County<br>Super. Ct. No. CISCV176602) |

In 2005, plaintiffs April and Erik Rueppel took out a $585,000 adjustable rate loan secured by a deed of trust, which encumbered their Aptos, California residence.  The Rueppels' loan was pooled with other residential mortgage loans in a residential mortgage backed securitized trust.  The Rueppels were unable to make their loan payments and fell into arrears.  A notice of default was recorded in October 2011.  A Notice of Trustee's Sale also was recorded, but no trustee's sale has been held.

In 2013, the Rueppels sued various entities with ties to the deed of trust on their residence to prevent a foreclosure sale of their home and to collect monetary damages.

Specifically, they sued Bank of America, N.A. and BAC Home Loan Servicing, LP (collectively, BofA); ReconTrust Company (ReconTrust); The Bank of New York Mellon formerly known as the Bank of New York (BNYM) as trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-16 Mortgage Pass Through Certificates, Series 2005-16; and Mortgage Electronic Registration Systems, Inc. (MERS) (collectively, the Bank Defendants). In 2014, the Rueppels filed a Doe amendment to the operative second amended complaint naming Resurgent Capital Services, LP (Resurgent) as a defendant.

The trial court sustained the Bank Defendants' demurrer to the second amended complaint without leave to amend and the Rueppels appealed. Separately, the trial court sustained Resurgent's demurrer to the second amended complaint without leave to amend. The Rueppels appealed that ruling as well. Pursuant to our own order, we shall consider the appeals together for purposes of decision.

On appeal, the Rueppels' primary contention is that, as a result of irregularities in the securitization of their loan, the Bank Defendants and Resurgent (collectively, defendants) lack the authority to foreclose on their home. They also complain about the terms of their loan, which they say were unfair, and about BofA's failure to offer them a loan modification. We dismiss as untimely the appeal of the judgment in favor of the Bank Defendants and affirm the judgment in favor of Resurgent.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    *The Loan*, *the Deed of Trust*, *and the Notice of Default*

On March 10, 2005, the Rueppels obtained a $585,000 loan from Countrywide to purchase a home located in Aptos, California (the Property). The Rueppels' monthly payment for the first 12 months was $1,881.59; the record does not disclose the interest rate during that period. Thereafter, the interest rate was adjustable up to a maximum of 9.950 percent. The Rueppels allege the loan was unconscionable and unenforceable because it "set [them] up for certain default."

2

The note evidencing the Rueppels' loan (Note) was secured by a deed of trust (the Deed of Trust) on the Property, which the Rueppels attached to the operative complaint. The Deed of Trust identified MERS as the beneficiary and CTC Real Estate Services as the trustee.

BofA acquired Countrywide in June 2008.

On May 13, 2011, an assignment of deed of trust was recorded in which MERS assigned "all beneficial interest under" the Deed of Trust to BNYM as trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-16 Mortgage Pass Through Certificates, Series 2005-16. The assignment of deed of trust is attached to the operative complaint.

The Rueppels allege that assignment was invalid due to a number of irregularities in the securitization of their loan. They allege their loan was bundled with other residential mortgage loans in a residential mortgage backed securitized trust with an April 28, 2005 closing date. They further allege: (1) on information and belief, that "no documents or records be produced that demonstrate that" the Deed of Trust was transferred into the Trust by the closing date; (2) the Note was not transferred into the securitized trust according to the requirements of the trust's pooling and service agreement because that agreement requires a complete and unbroken chain of transfers and assignment to and from each intervening party; and (3) on information and belief, that "the purported assignments and transfers of Plaintiffs' debt or obligations did not comply with New York law, and/or other laws and statutes."

The Rueppels fell behind in their loan payments and "sought the assistance of" BofA, but BofA "failed and refused to offer any financial relief to the Plaintiffs by modification of the loan."

The Rueppels allege that a notice of default was recorded, either by ReconTrust or BNYM. First, they allege that ReconTrust recorded a notice of default as agent for the beneficiary of the Deed of Trust on October 25, 2011. Later, they allege it was BNYM

3

that recorded the notice of default. A notice of trustee's sale also allegedly was recorded, but no sale has occurred.

### B. *The Stipulated Judgment Between Countrywide and California*

In October 2008, Countrywide and the People of California consented to a stipulated judgment and injunction (Stipulated Judgment).[1] Section 6.2.1 of the Stipulated Judgment provides that "[u]ntil the Termination Date [June 30, 2012] . . . [Countrywide or any of its affiliates that service Countrywide residential mortgage loans] will maintain robust processes for early identification and contact with Borrowers who are having, or may have, trouble making their payments on [Countrywide] Residential Mortgage Loans. Under these processes, when contact is made with Delinquent Borrowers, an individualized evaluation of the Borrowers' economic circumstances will be made to determine if alternatives to foreclosure are available, and consistent with the directions of the investors, if applicable."

The Stipulated Judgment further provides, in section 6.3.3, that "[e]ach Eligible Borrower," as defined in the Stipulated Judgment, "shall be considered for a range of affordable loan modification options with respect to his or her Qualifying Mortgage," a term also defined in the Stipulated Judgment.

Finally, the Stipulated Judgment expressly states: "Section 6 of this Stipulated Judgment and Injunction is not intended to confer upon any person any rights or remedies, including rights as a third party beneficiary. Section 6 of this Stipulated Judgment and Injunction is not intended to create a private right of action on the part of any person or entity other than the parties hereto."

The Rueppels allege that the Stipulated Judgment "placed a duty on Countrywide/[BofA]" to offer them a loan modification.

---

[1] A copy of the stipulated judgment and injunction is attached to the second amended complaint.

4

### C.    *Procedural History*

The Rueppels filed suit against the Bank Defendants—BofA, ReconTrust, BNYM, and MERS—and 10 Doe defendants on April 2, 2013.  The operative second amended complaint, filed on November 26, 2013, asserts six causes of action:  wrongful foreclosure; violation of Civil Code section 2924;[2] unlawful business practices in violation of the unfair competition law (UCL) Business and Professions Code section 17200 et seq.; violation of the covenant of good faith and fair dealing; equitable estoppel; and declaratory relief.  The claims are based on the theories that (1) the loan was predatory and thus unenforceable; (2) BofA was required by the Stipulated Judgment to offer the Rueppels a loan modification; and (3) the Bank Defendants lack the power to foreclose because of alleged flaws in the securitization of the Rueppels' loan.

As to the Doe defendants, the second amended complaint alleges only that "each of the fictitiously named Defendants is responsible in some manner for the injuries to Plaintiffs as alleged herein and that such injuries as herein alleged were proximately caused by such Defendants" and that "each of the Doe Defendants was the agent and/or employee of the remaining Defendants, and based on said alleged status, was/were acting within the course and scope of such agency and employment."  There is no allegation anywhere in the second amended complaint of any acts committed by any of the Doe defendants.

The Bank Defendants filed a demurrer to the second amended complaint on December 23, 2013.  On February 25, 2014, the court sustained the Bank Defendants' demurrer to the second amended complaint without leave to amend.  The court entered a judgment of dismissal against the Rueppels and in favor of the Bank Defendants on February 25, 2014.  The Rueppels were served with a Notice of Entry of judgment on February 27, 2014.  They appealed on April 29, 2014 (H040953).

---

[2] Unspecified statutory references are to the Civil Code.

5

According to Resurgent, the Rueppels filed a Doe amendment to their second amended complaint naming Resurgent as a defendant on January 8, 2014. That amendment does not appear in the record. Resurgent demurred to the second amended complaint on July 11, 2014. The trial court sustained the demurrer without leave to amend and entered judgment in Resurgent's favor on October 23, 2014. Resurgent served a notice of entry of judgment on the Rueppels on October 24, 2014. The Rueppels timely appealed on December 22, 2014 (H041779). On our own motion, we ordered that the two appeals (H040953 and H041779) be considered together for purposes of decision.

## II.    DISCUSSION

### A.    *Appeal No. H040953 is Untimely*

None of the parties challenge the timeliness of the Rueppels' appeal of the judgment in favor of the Bank Defendants in appeal No. H040953. Because "[t]he time for appealing a judgment is jurisdictional . . . ." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56) and "no court may extend the time to file a notice of appeal" (Cal. Rules of Court, rule 8.104(b)), we requested supplemental briefing on that issue. We conclude the Rueppels filed their notice of appeal one day late in appeal No. H040953, such that it must be dismissed.

Rule 8.104(a)(1)(B) of the California Rules of Court provides that "a notice of appeal must be filed on or before . . . 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service . . . ." Here, the trial court entered a judgment of dismissal against the Rueppels and in favor of the Bank Defendants on February 25, 2014. On February 27, 2014, the Bank Defendants served notice of entry of order and judgment on the Rueppels by mail, triggering the running of the 60-day time period in which to file a notice of appeal under rule 8.104(a)(1)(B) of the California Rules of Court. The Rueppels filed their notice of appeal on April 29, 2014, 61 days after February 27, 2014 and thus one day late.

6

In their supplemental brief, the Rueppels take the position that the appeal is timely because (1) the Bank Defendants filed the notice of entry of judgment on February 28, 2014; (2) the Bank Defendants served the notice of entry of judgment on February 28, 2014; and (3) the Rueppels received the notice of entry of judgment on March 1, 2014. Each of these contentions fails.

First, the date the Bank Defendants *filed* the notice of entry of judgment is irrelevant to the analysis. (Cal. Rules of Court, rule 8.104(a)(1)(B) ["a notice of appeal must be filed on or before . . . 60 days after the party filing the notice of appeal serves or *is served* by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service . . . ." (italics added)]; *Casado v. Sedgwick, Detert, Moran & Arnold* (1994) 22 Cal.App.4th 1284, 1286 [analyzing former Cal. Rules of Court, rule 2(a), which was substantially similar to current rule 8.104, and noting that "Rule 2(a) does not provide that the 60-day time period runs from the date of filing of the document."]; Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (2015 supp.) foll. rule 8.104, p. 257 ["The proof of service establishes the date that the 60-day period under subdivision (a)(1)(B) begins to run"].)

Second, the record plainly establishes that the Bank Defendants served the Rueppels by mail on February 27, 2014, not on February 28, 2014, as the Rueppels contend. The basis for their contention is unclear. They appear to assume the Bank Defendants must have served them after filing the notice of entry of judgment; the record establishes otherwise.

Third, "[s]ervice by mail of a triggering document does not extend the time to file a notice of appeal. The 60 days begins on the date of mailing and does not depend upon the party's actual receipt of the document." (*InSyst, Ltd. v. Applied Materials, Inc.* (2009) 170 Cal.App.4th 1129, 1134-1135, fn. omitted.)

For the foregoing reasons, we shall dismiss appeal No. H040953 as untimely.

### B. Standard of Review

We review an order sustaining a demurrer de novo, exercising our independent judgment as to whether a cause of action has been stated as a matter of law. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.) The facts alleged in the pleading are deemed to be true, but contentions, deductions, and conclusions of law are not. (*Hill v. Roll Internat. Corp.* (2011) 195 Cal.App.4th 1295, 1300.) In addition to the complaint, we also may consider matters subject to judicial notice. (*Ibid.*) Facts that are subject to judicial notice trump contrary allegations in the pleadings. (*Ibid.*) Facts appearing in exhibits attached to the complaint also are accepted as true and are given precedence, to the extent they contradict the allegations. (*Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627.)

"Where a demurrer is sustained without leave to amend, [we] must determine whether there is a reasonable probability that the complaint could have been amended to cure the defect; if so, [we] will conclude that the trial court abused its discretion by denying the plaintiff leave to amend. [Citation.] The plaintiff bears the burden of establishing that it could have amended the complaint to cure the defect." (*Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1035.)

### C. General Principles Governing Nonjudicial Foreclosure

In California, the financing or refinancing of real property generally is accomplished by the use of a deed of trust. (*Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118, 125.) Under a deed of trust, "the borrower, or 'trustor,' conveys nominal title to property to an intermediary, the 'trustee,' who holds that title as security for repayment of the loan to the lender, or 'beneficiary.' " (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 334.) " 'The trustee of a deed of trust is not a true trustee, and owes no fiduciary obligations; he merely acts as a common agent for the trustor and the beneficiary of the deed of trust.' " (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 508 (*Jenkins*).)

"The customary provisions of a valid deed of trust include a power of sale clause, which empowers the beneficiary-creditor to foreclosure on the real property security if the trustor-debtor fails to pay back the debt owed under the promissory note." (*Jenkins*, *supra*, 216 Cal.App.4th at p. 508.) "Upon a trustor-debtor's default on a debt secured by a deed of trust, the beneficiary-creditor may elect to judicially or nonjudicially foreclose on the real property security." (*Ibid*.)

The California Legislature has established a comprehensive set of legislative procedures governing nonjudicial foreclosures. (See *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440 (*Debrunner*); §§ 2924-2924k.) " 'The purposes of this comprehensive scheme are threefold: (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser.' " (*Debrunner*, *supra*, at p. 440.)

The procedure leading up to a nonjudicial foreclosure has been summarized as follows: "Upon default by the trustor [under a deed of trust containing a power of sale], the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale. (Civ. Code, § 2924; [citation].) The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee. (Civ. Code, § 2924; [citation].) After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale. (Civ. Code, § 2924, subd. (b); [citation].) After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale. (Civ. Code, § 2924f; [citation].)" (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830.)

" 'The statutes provide the trustor with opportunities to prevent foreclosure by curing the default. The trustor may make back payments to reinstate the loan up until five business days prior to the date of the sale . . . . [Citations.] Additionally, the trustor

9

has an equity of redemption under which the trustor may pay all amounts due at any time prior to the sale to avoid loss of the property. (§§ 2903, 2905.)' " (*Lona v. Citibank*, *N.A.* (2011) 202 Cal.App.4th 89, 101-102 (*Lona*).)

" 'The manner in which the sale must be conducted is governed by section 2924g. "The property must be sold at public auction to the highest bidder. [Citation.] [¶] . . . [¶] . . . A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender. [Citation.] Once the trustee's sale is completed, the trustor has no further rights of redemption. [Citation.] [¶] The purchaser at a foreclosure sale takes title by a trustee's deed. If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser. (. . . § 2924; [citation].)" ' " (*Lona*, *supra*, 202 Cal.App.4th at p. 102.)

### D. *The Rueppels Fail To State a Claim Against Resurgent*

The second amended complaint contains no well pleaded factual allegations against Resurgent. It alleges no specific conduct by Resurgent whatsoever. Instead, it contains the vague and conclusory allegation that Resurgent and the other Doe defendants are "responsible in some manner for the injuries to Plaintiffs as alleged herein." That allegation is insufficient to state a claim against Resurgent. (*Okun v. Superior Court* (1981) 29 Cal.3d 442, 457 [cause of action failed to state a claim against any defendant where there was "no allegation of wrongful conduct by any of the defendant[s]"].)

The complaint also alleges that "each of the Doe Defendants was the agent and/or employee of the remaining Defendants, and based on said alleged status, was/were acting within the course and scope of such agency and employment." The Supreme Court has described such allegations as "egregious examples of generic boilerplate." (*Moore v. Regents of University of California*, *supra*, 51 Cal.3d at p. 134, fn. 12.) Where, as here, a complaint "does not allege any conduct on [the defendant's] part caused any harm, loss

10

or damage on the plaintiff[']s[] part," the addition of such boilerplate agency allegations "do not result in the complaint stating a cause of action against" the defendant. (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 829.)

The Rueppels' appellate briefs offer little insight into any basis for holding Resurgent liable. They suggest Resurgent misled them "into believing [it] and the rest of the named Defendants are entitled to foreclose on" the Property and has asserted a "claim to the underlying debt." But there is no hint as to Resurgent's role in the attempted foreclosure or the nature of its "claim to the underlying debt."

In sum, the operative complaint does not state a cause of action against Resurgent. The Rueppels claims against Resurgent also fail for the reasons discussed below.

### E.    *Wrongful Foreclosure*

In their first cause of action, for wrongful foreclosure, the Rueppels allege defendants have no authority to foreclose on the Property because of defects in the securitization process. Specifically, they allege: (1) on information and belief, that "no documents or records be produced that demonstrate that" the Deed of Trust was transferred into the Trust by the closing date; (2) the Note was not transferred into the securitized trust according to the requirements of the trust's pooling and service agreement; (3) on information and belief, that "the purported assignments and transfers of Plaintiffs' debt or obligations did not comply with New York law, and/or other laws and statutes"; and (4) the Trustee of the Securitized Trust was required to prove that it had actual physical possession of the Note on or before the closing date of the Trust.

Resurgent contends the Rueppels' wrongful foreclosure claim fails because no foreclosure has occurred and a debtor has no right to pursue preemptive judicial action to challenge the authority of a foreclosing party to initiate and pursue foreclosure. We agree that the preemptive nature of the Rueppels' claim defeats it.

A nonjudicial foreclosure is "presumed to have been conducted regularly, and the burden of proof rests with the party attempting to rebut this presumption." (*Fontenot v.*

11

*Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 270 (*Fontenot*) [applying presumption in action for wrongful foreclosure brought after sale had occurred]; *Debrunner*, *supra*, 204 Cal.App.4th at p. 443 [applying presumption in action to prevent nonjudicial foreclosure sale from occurring].)  Therefore, a debtor who seeks to prevent a nonjudicial foreclosure based on the foreclosing entity's purported lack of authority must "affirmatively" plead facts demonstrating a lack of authority.  (*Fontenot*, *supra*, at p. 270; *Jenkins*, *supra*, 216 Cal.App.4th at p. 512 [to state a cause of action challenging a foreclosing entity's authority to conduct a nonjudicial foreclosure, the trustor (debtor) must allege a "*specific factual basis* " establishing a lack of authority]; *Gomes v. Countrywide Home Loans*, *Inc.* (2011) 192 Cal.App.4th 1149, 1155-1156 (*Gomes*).)  A debtor may not bring a preemptive lawsuit seeking to force the foreclosing entity to prove its authority before conducting a nonjudicial foreclosure.  (*Jenkins*, *supra*, at pp. 511-513.)  Allowing a judicial action to prevent a nonjudicial foreclosure without specific factual allegations showing a lack of authority "would unnecessarily 'interject the courts into [the] comprehensive nonjudicial scheme' created by the Legislature, and 'would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy.' "  (*Id.* at p. 512; see *Gomes*, *supra*, at pp. 1154-1156; *Yvanova v. New Century Mortgage Corp*. (2016) 62 Cal.4th 919, 924 ["We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed."].)

The Rueppels' complaint does not contain the requisite *specific factual basis* for alleging that the defendants lack authority to foreclosure.  Rather, the Rueppels allege the defendants failed to make certain showings (e.g., that the Deed of Trust was transferred into the Trust by the closing date and that the Trustee of the Securitized Trust had actual physical possession of the Note on or before the closing date of the Trust).  In other words, they attempt to impose additional requirements on the foreclosing entity.  But, " '[b]ecause of the exhaustive nature of [California's non-judicial foreclosure]

12

scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute.' " (*Debrunner*, *supra*, 204 Cal.App.4th at pp. 440-441 [rejecting theory that only the entity in possession of the note may foreclose because no such requirement appeals in California's non-judicial foreclosure scheme]; *Gomes*, *supra*, 192 Cal.App.4th at p. 1154, fn. 5 [rejecting wrongful foreclosure claim that sought to impose the additional requirement that the foreclosing entity "demonstrate in court that it is authorized to initiate a foreclosure"].)

The wrongful foreclosure claim also contains legal conclusions (of violations of New York law and the trust's pooling and service agreement). But those allegations are not the sort of *facts* demonstrating a lack of authority that the law requires. (*Fontenot*, *supra*, 198 Cal.App.4th at p. 270.) The trial court did not err in sustaining Resurgent's demurrer to the first cause of action for the foregoing reasons.

### *F.* *Violation of Section 2924, Subdivision (a)(6)*

The Rueppels' second cause of action alleges defendants violated section 2924, subdivision (a)(6), which was enacted in 2012 as part of the Homeowner Bill of Rights. Section 2924, subdivision (a)(6) provides: "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest."

The second cause of action against Resurgent fails for three reasons.

First, the Rueppels have forfeited any argument that the trial court erred in sustaining Resurgent's demurrer to the second cause of action. Their opening appellate brief does not address section 2924, subdivision (a)(6) or the second cause of action.

13

They address the provision for the first time in their reply brief. Issues raised for the first time on reply are forfeited and will not be considered unless good reason is shown for failure to present them earlier. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 801.)

Second, the Rueppels make no argument on appeal that Resurgent violated section 2924, subdivision (a)(6). On reply, they argue only that BNYM, BofA, and ReconTrust initiated foreclosure proceedings in violation of section 2924, subdivision (a)(6).

Third, the second amended complaint contains no factual allegation that Resurgent recorded the notice of default or otherwise initiated foreclosure proceedings.

As an aside, we note that the notice of default was recorded on October 25, 2011, while the Homeowner Bill of Rights was not enacted until July 11, 2012 and did not become effective until January 1, 2013. (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 86, fn. 14.) The Homeowner Bill of Rights is silent on the question of its retroactive application. " '[It] is an established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent.' " (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207.) We need not decide whether the Homeowner Bill of Rights applies prospectively only, however, as the second cause of action fails as to Resurgent for all the reasons set forth above.

### *G. UCL*

The Rueppels' third cause of action alleges defendants violated the UCL. "The UCL prohibits, and provides civil remedies for, unfair competition, which it defines as 'any unlawful, unfair or fraudulent business act or practice.' " (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 320.) "The California Supreme Court has held the UCL's 'coverage is "sweeping, embracing ' "anything that can properly be called a business

14

practice and that at the same time is forbidden by law." ' " ' " (*Jenkins*, *supra*, 216 Cal.App.4th at p. 520.)

### 1. The Rueppels Lack UCL Standing

"Business and Professions Code section 17204 restricts private standing to bring a UCL action to 'a person who has *suffered injury in fact* and has *lost money or property* as a *result* of the unfair competition.' " (*Jenkins*, *supra*, 216 Cal.App.4th at p. 521.) Thus, the UCL standing requirements include an economic injury prong and a causation prong. (*Id*. at pp. 521-522.) Resurgent maintains the Rueppels lack standing because they fail to allege any economic injury. We agree.

The UCL cause of action contains the allegation that the Rueppels "suffered economic damages" as "a direct and proximate cause" of defendants' alleged unfair competition. That conclusory allegation is insufficient to confer UCL standing on the Rueppels. In a paragraph incorporated into their UCL claim, the Rueppels allege they lost money "by paying an entity which holds no interest in [their] Note." That allegation does not satisfy the economic injury prong because the Rueppels do not allege they paid money to Resurgent (or to any of the defendants, for that matter).

### 2. The Rueppels Fail to Allege Any Actionable Unfair Competition

The Rueppels' UCL claim fails for the additional reason that they fail to allege any actionable unlawful, unfair, or fraudulent business practices by Resurgent. Indeed, as noted above, they allege no conduct by Resurgent at all.

### H. The Rueppels' Remaining Claims

Counts 4 through 6 of the second amended complaint assert claims for breach of the covenant of good faith and fair dealing, equitable estoppel, and declaratory relief. The Rueppels do not specifically address these causes of action on appeal, except to argue that the trial court erred in sustaining Resurgent's demurrer "on grounds that Plaintiffs were required to tender the full balance on the loan to continue in the trial court proceedings."

15

Below, all of the defendants argued that each of the Rueppels' claims failed because they failed to allege tender. However, at the hearing on the Bank Defendants' demurrer, the trial court stated, "I'm not finding that tender is required . . . ." Rather, the court concluded that "the second amended [c]omplaint fails to set forth sufficient facts to state a valid cause of action against" the Bank Defendants. While the order sustaining Resurgent's demurrer does not set forth the court's reasoning and the transcript of the hearing is not in the record, it stands to reason that the court likewise did not apply the tender rule to sustain that demurrer. Accordingly, we conclude the Rueppels have failed to establish the court erred by applying the tender rule. And, because the Rueppels advance no other arguments regarding counts 4 through 6, they have failed to carry their burden to show reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 [party challenging judgment has burden to show reversible error].)

## I. *Leave to Amend*

"In deciding whether the trial court abused its discretion in denying leave to amend, 'we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect.' " (*Fontenot*, *supra*, 198 Cal.App.4th at p. 274.)

The Rueppels contend they should be granted leave to amend to "clarify their arguments." However, their appellate briefs do not explain how they might do so to address the foregoing defects. At oral argument, the Rueppels' appellate counsel explained, for the first time, that Resurgent is the newest servicer of the loan. He argued that, if granted leave to amend, the Rueppels could allege various "servicer violations" against Resurgent, including violations of the Homeowner Bill of Rights. Unfortunately, oral argument is much too late to attempt to prove the Rueppels' ability to amend. Therefore, we find no abuse of discretion.

16

### III. DISPOSITION

Appeal No. H040953 is dismissed as untimely.

The judgment in appeal No. H041779 is affirmed.

Resurgent shall recover its costs on appeal from the Rueppels. The Rueppels and the Bank Defendants shall bear their own costs on appeal.

17

_____
                    Premo, J.

WE CONCUR:

_____
        Rushing, P.J.

_____
        Márquez, J.

Rueppel et al. v. Bank of America N.A. et al.
H040953
Rueppel et al. v. Resurgent Capital Services LP
H041779